# 1: CV 01-0763

f-STND CLOSED
A/R

## U.S. District Court
## U.S. District Court of Eastern Pennsylvania (Philadelphia)

### CIVIL DOCKET FOR CASE #: 00-CV-3174

NORTHLAND INSURANCE v. LINCOLN GENERAL INS., et al        Filed: 06/22/00
Assigned to: JUDGE PETRESE B. TUCKER
Demand: $0,000                              Nature of Suit:  110
Lead Docket: None                           Jurisdiction: Diversity
Dkt# in other court: None

Cause: 28:1332 Diversity-Declaratory Judgment


NORTHLAND INSURANCE COMPANY          DAVID IRA ROSENBAUM
      PLAINTIFF                      [COR LD NTC]
                                     RUTHRAUFF & ARMBRUST, P.C.
                                     1601 MARKET STREET
                                     PHILADELPHIA, PA 19103-1913
                                     USA

                                                    FILED
                                                  SCRANTON

     v.                                          MAY 0 4 2001

LINCOLN GENERAL INSURANCE            JONATHAN H. RUDD
COMPANY                              FAX 717-237-5300
      DEFENDANT                      [COR LD NTC]
                                     MC NEES, WALLACE & NURICK
                                     100 PINE STREET
                                     P.O. BOX 1166
                                     HARRISBURG, PA 17108-1166
                                     USA
                                     TEL 717-237-5252


J.H.M. ENTERPRISES, INC.
      DEFENDANT


VERNICE L. STATTS
      DEFENDANT

ROBERT E. KRAPF                      CHARLES M. MILLER
      DEFENDANT                      RUBRIGHT, DOMALAKES, TROY &
      [term  09/15/00]               MILLER
                                     14 W. FRACK STREET
                                     P.O. BOX 9, LAW BLDG.
                                     FRACKVILLE, PA 17931-0009
                                     USA

Docket as of May 1, 2001 11:27 am                  Page 1

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 5-1-01
ATTEST:

f-STND

Proceedings include all events.
2:00cv3174 NORTHLAND INSURANCE v. LINCOLN GENERAL INS., et al      CLOSED A/R

UTE L. HETLAND CLARK, AS            CHARLES M. MILLER
ADMINISTRATORS OF THE ESTATE        (See above)
OF KARIN CLIFFORD                   [COR LD NTC]
      DEFENDANT
      [term 09/15/00]


ROBERT E. KRAPF                     CHARLES M. MILLER
      DEFENDANT                     (See above)
      [term 09/15/00]               [COR LD NTC]


PATRICIA R. CLIFFORD, AS            CHARLES M. MILLER
ADMINISTRATORS OF THE ESTATE        (See above)
OF ROBERT R. CLIFFORD               [COR LD NTC]
      DEFENDANT
      [term 09/15/00]


SHERRILL J. MULLIGAN
      DEFENDANT


DENIS A. MULLIGAN
      DEFENDANT

Proceedings include all events.                                          f-STND
2:00cv3174 NORTHLAND INSURANCE v. LINCOLN GENERAL INS., et al    CLOSED A/R

6/22/00   1    Complaint. filing fee $150 receipt #735165 (tj)
               [Entry date 06/23/00]

6/22/00   --   Summons(es) 9 issued. Mailed to counsel on 6/23/00. (tj)
               [Entry date 06/23/00]

6/22/00   --   Standard Case Management Track. (tj) [Entry date 06/23/00]

7/17/00   2    Return of service executed as to DEFENDANT J.H.M.
               ENTERPRISES on 7/2/00. (fb) [Entry date 07/17/00]

7/17/00   3    Return of service executed as to DEFENDANT DENIS A.
               MULLIGAN, DEFENDANT SHERRILL J. MULLIGAN, DEFENDANT VERNICE
               L. STATTS on 7/11/00. (fb) [Entry date 07/17/00]

7/19/00   4    Affidavit  of: Donald W. Good re: served summons and
               complaint   upon  TIMOTHY KIRK ON BEHALF OF DEFENDANT
               LINCOLN GENERAL INS. . Served by: personal service on
               7/5/00 . (ldb) [Entry date 07/19/00]

7/31/00   5    Affidavit of: Kathleen Fox re: served summons and complaint
               upon DEFENDANT UTE L. HETLAND CLARK . Served by: service on
               7/19/00. (gn) [Entry date 07/31/00]

8/2/00    6    ORDER, REASSIGNING FROM THE CALENDAR OF  JUDGE WILLIAM H.
               YOHN JR.  TO THE CALENDAR OF  JUDGE PETRESE B. TUCKER  . (
               SIGNED BY CLERK OF COURT MICHAEL E. KUNZ ) 8/2/00 ENTERED
               AND COPIES MAILED . (ldb) [Entry date 08/02/00]

8/8/00    7    Affidavit  of: John E. Glatz re: served summons and
               complaint   upon DEFENDANT ROBERT E. KRAPF .  Served by:
               personal service on 7/27/00 . (ldb) [Entry date 08/08/00]

8/17/00   8    STIPULATION AND ORDER,  reset ANSWER DUE FOR 8/18/00 for
               LINCOLN GENERAL INS.  (Attorney: JONATHAN H. RUDD) (
               SIGNED BY JUDGE PETRESE B. TUCKER ) 8/17/00 ENTERED AND
               COPIES MAILED (ldb) [Entry date 08/17/00]

8/21/00   9    MOTION BY DEFENDANT LINCOLN GENERAL INSURANCE COMPANY, TO
               DISMISS FOR IMPROPER VENUE, CERTIFICATE OF SERVICE, BRIEF
               IN SUPPORT, CERTIFICATE OF SERVICE. (dt)
               [Entry date 08/21/00]

9/15/00   10   STIPULATION AND ORDER THAT PLFF DISMISSES ITS COMPLAINT
               AGAINST DEFTS ROBERT E. KRAPF AND UTE L. HETLAND CLAR, AS
               ADMINISTRATORS OF THE ESTATE OF KARIN CLIFFORD AND ROBERT
               E. KRAPF AND PATRICIA R. CLIFFORD AS ADMINISTRATORS OF THE
               ESTATE OF ROBERT R. CLIFFORD ONLY. IT IS STIPULATED AND
               AGREED THAT THE DISMISSED DEFTS WILL BE BOUND BY ANY
               DECISION OR JUDGMENT THAT THE COURT MAY REACH IN THE
               LAWSUIT WITH RESPECT TO THE OBLIGATIONS OF NORTHLAND
               INSURANCE CO. AND LINCOLN GENERAL INS. CO., ETC. ( SIGNED
               BY JUDGE PETRESE B. TUCKER ) 9/15/00 ENTERED AND COPIES
               MAILED AND FAXED. (gn) [Entry date 09/15/00]

```
Proceedings include all events.                                      f-STND
2:00cv3174 NORTHLAND INSURANCE v. LINCOLN GENERAL INS., et al    CLOSED A/R
```

9/18/00   11    Response by PLAINTIFF NORTHLAND INSURANCE  in opposition to
                LINCOLN INSURANCE COMPANY'S  MOTION TO DISMISS FOR IMPROPER
                VENUE ,, MEMORANDUM,  Certificate of Service. (ldb)
                [Entry date 09/19/00]

10/3/00   12    BRIEF IN RESPONSE by DEFENDANT LINCOLN GENERAL INS. to
                PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT LINCOLN
                GENERAL INSURANCE COMPANY'S  MOTION TO DISMISS FOR IMPROPER
                VENUE, Certificate of Service. (ldb) [Entry date 10/03/00]

3/29/01   13    MEMORANDUM AND ORDER THAT DEFT.'S MOTION TO DISMISS FOR
                IMPROPER VENUE IS DENIED. IT IS FURTHER ORDERED THAT THIS
                ACTION IS TRANSFERRED TO THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF PENNSYLVANIA, PURSUANT TO 28
                U.S.C. SEC. 1406. THE CLERK SHALL TRANSFER THE RECORD TO
                THAT DISTRICT AND TERMINATE THIS CASE FROM THIS COURT'S
                DOCKET. (SIGNED BY JUDGE PETRESE B. TUCKER), 3/30/01
                ENTERED AND COPIES MAILED AND FAXED BY CHAMBERS ON 3/29/01.
                (rp) [Entry date 03/30/01]

3/29/01   --    Case closed (kv) [Entry date 03/30/01]

4/30/01   --    Original record together with certified copy of docket
                entries forwarded to the Middle District of Pennsylvania.
                (rp) [Entry date 05/01/01]



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

NORTHLAND INSURANCE COMPANY,          :

                              Plaintiff,          :

                                                  :

        v.                                        :        C.A. No. ___ 00 - CV - 3174

                                                  :

LINCOLN GENERAL INSURANCE COMPANY, :
J.H.M. ENTERPRISES, INC., VERNICE L.              :
STATTS, ROBERT E. KRAPF and UTE L.                :
HETLAND CLARK, as Administrators of the           :
Estate of Karin Clifford and ROBERT E. KRAPF      :
and PATRICIA R. CLIFFORD, as Administrators       :
of the Estate of Robert R. Clifford, SHERRILL J.  :
MULLIGAN, DENIS A. MULLIGAN,                      :

                                                  :

                              Defendants.          :



The plaintiff Northland Insurance Company ("Northland"), for its complaint against the

Defendants herein, alleges as follows:

### THE PARTIES AND JURISDICTION

1.      Northland is a Minnesota corporation with its principal place of business in

        Minnesota.

2.      Upon information and belief, Lincoln General Insurance Company is a Pennsylvania

        corporation with its principal place of business at 3350 Whiteford Road, York,

        Pennsylvania.

3.      Upon information and belief, J.H.M. Enterprises, Inc. ("JHM") is a Pennsylvania

        corporation with its offices located at 1200 Valmont Drive, N.W., Williamsport,

        Lycoming County, Pennsylvania, and it engaged in the business of transporting

        merchandise and products via trailer in the Commonwealth of Pennsylvania.

 

4.  Upon information and belief, Vernice Lee Statts ("Statts") is an adult individual residing at 489 East Academy Street, Hughesville, Lycoming County, Pennsylvania.

5.  Upon information and belief, Sherrill J.Mulligan and Denis A. Mulligan, are adult individuals who reside at 568 North Locust Street, Hazleton, Luzerne County, Pennsylvania.

6.  Upon information and belief, Robert E. Krapf, is an individual residing at 305 East Broad Street, Tamaqua, Schuylkill County, Pennsylvania, and Ute L. Hetland Clark, is an individual residing at 1022 Villa Ridge Drive, Las Vegas, Nevada.

7.  Upon information and belief, Krapf and Clark are the Administrators of the Estate of Karin Clifford, deceased, having been appointed by the Register of Wills of Schuylkill County, Pennsylvania, on November 22, 1995.

8.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceed the sum of value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states and pursuant to 28 U.S.C. §2201.

9.  Venue is appropriate in this forum pursuant to 28 U.S.C. §1391(a) & (c).

## GENERAL ALLEGATIONS

10. On November 17, 1995 Statts was an employee and/or agent of JHM.

11. On November 17, 1995 Statts was dispatched by JHM to pick up a load on behalf of JHM.

12. On November 17, 1995, Statts was driving a 1979 Freightliner with Serial Number CA213HM160222 ("the Tractor") and a 1980 Great Dane Trailer ("the Trailer").

2

 

13.     On November 17, 1995, the Tractor and Trailer driven by Statts was involved in an accident with a vehicle operated by Robert Clifford and a vehicle operated by Sherill Mulligan ("the Accident").

14.     At the time of the Accident, the Tractor and Trailer were owned by Jay McCormick of JHM.

15.     At the time of the Accident, Statts was not operating the Tractor or Trailer in the business of Woolever Brothers Transportation Inc. ("Woolever").

16.     Krapt and Clark, as administrators of the Estate of Karin Clifford, and Krapt and Patricia R. Clifford as administrator of the Estate of Robert R. Clifford have brought a lawsuit against JHM, Vince Lee Stats, Woolever among others ("the Clifford action") arising out of the accident.

17.     The accident resulted in the deaths of Karin Clifford and Robert R. Clifford.

18.     The plaintiffs in the Clifford Action have demanded a total of $2 million.

19.     Sherrill J. Mulligan and Denis A. Mulligan have brought a lawsuit against JHM, Vince Lee Stats and Woolever ("the Mulligan action") arising out of the accident.

20.     The plaintiffs in the Mulligan action have demanded $175,000.

21.     Lincoln General issued a policy of insurance bearing policy number PAP 1857700495 to JHM that was in effect at the time of the Accident (the "Lincoln General Policy").

22.     Northland issued a policy of insurance bearing policy number TF209197 to Woolever that was in effect at the time of the Accident (the "Northland Policy").

3

 

## COUNT ONE

23.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 with the same force and effect as though fully set forth at length herein.

24.    The Lincoln General Policy lists the Tractor as a covered auto.

25.    The Lincoln General Policy provides coverage for the Tractor.

26.    The Lincoln General Policy lists the Trailer as a covered auto.

27.    The Lincoln General Policy provides coverage for the Trailer

28.    Pursuant to the terms of the Lincoln General Policy, JHM is an insured under the Lincoln policy.

29.    Pursuant to the terms of the Lincoln General Policy, Statts is an insured under the Lincoln policy.

30.    Pursuant to the terms of the Lincoln General Policy, Woolever is an insured under the Lincoln policy.

31.    The Lincoln General Policy provides coverage for the liability, if any, of JHM, Statts and Woolever arising from the Accident.

WHEREFORE, Northland requests a judicial declaration that:

1.    Lincoln General provides coverage for JHM, Statts and Woolever in the Clifford Action and the Mulligan Action (collectively "the Underlying Actions").

2.    Any coverage obligation owed by the Northland policy in the Underlying Actions is excess to the Lincoln policy and is not triggered until the Lincoln policy is exhausted.

4

 

3.    Northland is entitled to reimbursement from Lincoln for all costs in defending the Underlying Actions.

## COUNT TWO

32.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 with the same force and effect as though fully set forth at length herein.

33.    The Lincoln Policy and the Northland Policy both contain the following "other insurance" provision:

**5.    OTHER INSURANCE ---PRIMARY AND EXCESS INSURANCE PROVISIONS**

a.    This Coverage Form's Liability Coverage is primary for any covered "auto" while hired or borrowed by you and used exclusively in your business as a "trucker" and pursuant to operating rights granted to you by a public authority.  This Coverage Form's Liability Coverage is excess over any other collectible insurance for any covered "auto" while hired or borrowed from you by another "trucker".  However, while a covered "auto" which is a "trailer" is connected to a power unit, this Coverage Form's Liability Coverage is:

(1)    On the same basis, primary or excess, as for the power unit if the power unit is a covered "auto".

(2)    Excess if the power unit is not a covered "auto".

b.    Any Trailer Interchange Coverage provided by this Coverage Form is primary for any covered "auto".

c.    Except as provided in paragraphs a. and b. above, this Coverage Form provides primary insurance for any covered "auto" you own and excess insurance for any covered "auto" you don't own.

d.    Regardless of the provisions of paragraphs a, b and c above, this Coverage Form's Liability Coverage is primary for any liability assumed under an "insured contract".

5

 

    e.    When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering the same basis.

34.    At the time of the Accident, the Tractor and Trailer were being operated in the business of JHM.

35.    At the time of the Accident, the Tractor and Trailer were not being operated in the business of Woolever.

36.    The Lincoln General Policy provides primary coverage.

37.    Any coverage provided by Northland for the Accident is excess to the coverage provided by Lincoln General.

WHEREFORE, Northland requests a judicial declaration that:

1.    Lincoln General provides coverage for JHM, Statts and Woolever in the Clifford Action and the Mulligan Action (collectively "the Underlying Actions").

2.    Any coverage obligation owed by the Northland policy in the Underlying Actions is excess to the Lincoln policy and is not triggered until the Lincoln policy is exhausted.

3.    Northland is entitled to reimbursement from Lincoln for all costs in defending the Underlying Actions.

## COUNT THREE

35.    Northland has spent $ 51,769.94 defending Woolever in the Clifford Action and the Mulligan Action.

 

1.    Lincoln General provides coverage for JHM, Statts and Woolever in the Clifford Action and the Mulligan Action (collectively "the Underlying Actions").

2.    Any coverage obligation owed by the Northland policy in the Underlying Actions is excess to the Lincoln policy and is not triggered until the Lincoln policy is exhausted.

3.    Northland is entitled to reimbursement from Lincoln for all costs in defending the Underlying Actions.

By: _____
David Ira Rosenbaum, Esquire (52859)
Ruthrauff & Armbrust, P.C.
1601 Market Street
16th Floor
Philadelphia, PA 19103
(215) 567-3700

Of Counsel:

Ira Lipsius, Esquire
Schindel Farman & Lipsius
225 West 34th Street
New York, NY 10122

Attorneys for Plaintiff Northland Insurance Company

Dated: June 22, 2000

7

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

00-W-3174

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Northland Insurance Company
1295 Northland Drive
St. Paul, MN 55120-1146

## DEFENDANTS

Lincoln General Insurance Co.
3350 Whiteford Road
York, PA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Ramsey
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED (see attached list for other defendants)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David Ira Rosenbaum, Esquire
Ruthrauff & Armbrust, P.C.
1601 Market Street, 16th Floor
Philadelphia, PA 19103   (215) 567-3675

ATTORNEYS (IF KNOWN)

Unknown

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is a declaratory judgment action premised upon diversity jurisdiction
under 28 U.S.C. Section 1332.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
#### PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

#### PERSONAL INJURY
☐ 362 Personal Injury— Med Malpractice
☐ 365 Personal Injury— Product Liability
☐ 368 Asbestos Personal Injury Product Liability

#### PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Other

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint.
JURY DEMAND:  ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY  (See instructions):

JUDGE _____  DOCKET NUMBER _____

DATE
06/22/00

SIGNATURE OF ATTORNEY OF RECORD

JUN 22 2000

UNITED STATES DISTRICT COURT

J. H. M. Enterprises, Inc.
1200 Valmont Drive, N.W.
Williamsport, Lycoming County, Pennsylvania.

Vernice Lee Statts
489 East Academy Street
Hughesville, Lycoming County, Pennsylvania.

Sherrill J. Mulligan and Denis A. Mulligan
568 North Locust Street
Hazleton, Luzerne County, Pennsylvania.

Robert E. Krapf
305 East Broad Street
Tamaqua, Schuylkill County, Pennsylvania.

Ute L. Hetland Clark
1022 Villa Ridge Drive
Las Vegas, Clark County, Nevada..

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Northland Insurance Company                    :          CIVIL ACTION
                                               :
                                               :
                         v.                    :
                                               :
Lincoln General Ins. Co., JHM                  :
Enterprises, Inc. Vernice L.                   :          NO. **00 - CV - 3174**
Statts, Robert E. Krapf and Ute L. Hetland Clark, et. al.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

    (a)    Habeas Corpus -- Cases brought under 28 U.S.C. §2441 through §2255.     ( )

    (b)    Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

    (c)    Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8.     ( )

    (d)    Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

    (e)    Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

    (f)    Standard Management -- Cases that do not fall into any one of the other tracks.     ( XX )

06/21/00
_____
(Date)

_____
Attorney-at-law

Northland Insurance Company
_____
Attorney for

(Civ. 660)
12/91

## UNITED STATES DISTRICT COURT

THE EASTERN DISTRICT OF PENNSYLVANIA · DESIGNATION FORM to be used by counsel to indicate the category of the case for the case of assignment to appropriate calendar.

**00-CV-3174**

ss of Plaintiff: _____

ss of Defendant: _____

· of Accident, Incident or Transaction: _____
                                                        (Use Reverse Side For Additional Space)

: this case involve multidistrict litigation possibilities?          Yes☐   No☐

.ATED CASE, IF ANY:

: Number: _____   Judge _____   Date Terminated: _____

cases are deemed related when yes is answered to any of the following questions:

: this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                     Yes☐   No☐

Joes this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated ction in this court?
                                                                     Yes☐   No☐

Joes this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously erminated action in this court?
                                                                     Yes☐   No☐

L: (Place ✔ IN ONE CATEGORY ONLY)

*Federal Question Cases:*
- ☐ Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ FELA
- ☐ Jones Act-Personal Injury
- ☐ Antitrust
- ☐ Patent
- ☐ Labor-Management Relations
- ☐ Civil Rights
- ☐ Habeas Corpus
- ☐ Securities Act(s) Cases
- ☐ Social Security Review Cases
- ☐ All other Federal Question Cases (Please specify)

D. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify)

*- complete Arb Cert portion only*

### ARBITRATION CERTIFICATION
(Check appropriate Category)

I, **David Ira Rosenbaum**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

TE: 06/22/00            _____     52859
                        Attorney-at-Law      Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

ertify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court cept as noted above.

TE: 6/22/00             _____     52859
                        Attorney-at-Law      Attorney I.D.#

v bou (8/99)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA
### U.S. CLERK'S OFFICE

### FAXSIMILE COVER PAGE

DATE: _6-23-00_    TIME: _9 30 AM_

PLEASE DELIVER TO: _David Rosenbaum, Esq_

FIRM NAME: _____

FROM: _Trish Jones_    TELEPHONE #: _267-299-7072_

RE: CIVIL ACTION: _00-CV-3174_

CAPTION: _Northland Ins. Co. v._    FILE DATE: _6-22-00_
_Lincoln General, et al_

**PLEASE COMPLETE THE ATTACHED ARBITRATION CERTIFICATION AS SOON
AS POSSIBLE IN ACCORDANCE WITH LOCAL CIVIL RULE 53.2.3, WHICH WAS
EFFECTIVE SEPTEMBER 13, 1999,  INCREASING THE ARBITRATION LIMIT TO
$150,000, AND FAX IT TO OUR OFFICE.**

**THANK YOU.**

**CLERK'S OFFICE FAX NUMBERS: (267) 299-7136 or (267) 299-7116**

JUN-23-2000  09:59

P.01

06/23/00 FRI 10:05 FAX 2155870409    Ruthrauff / Armbrust    ☑001

# RUTHRAUFF & ARMBRUST, P.C.

1601 Market Street
16th Floor
Philadelphia, Pennsylvania 19103

PH: (215) 567-3700                                          FAX: (215) 587-0409

## CONFIDENTIALITY NOTICE

This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named below. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for the return of the documents.

## FACSIMILE TRANSMITTAL

TO:                  Ms. Trish Jones

FAX NUMBER:          (267) 299-7136

FROM:                David Ira Rosenbaum, Esquire

DATE:                June 23, 2000

---

Sorry for the confusion. Apparently we only have the old forms in our file. Could you send me the current form so that I can update our form file and avoid recurrence of this problem. You can either mail it to me or fax it at above number/address.

---

If you do not receive all the pages, please contact Lisa Palumbo (215/567-3676)

WA

00-3174

(2)

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date 7-2-00 |
|---|---|
| Name of Server  JEFFREY R. MELTZER | Title  PRIVATE DETECTIVE |

Check one box below to indicate appropriate method of service

Served personally upon the defendant. Place where served  1200 VALLAMONT DRIVE, N.W. WILLIAMSPORT, PA. 17701

Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

Other (specify) _____

FILED

JUL 17 2000

Michael E. Bung, Clerk

By _____ Dep. Clerk

## STATEMENT OF SERVICE FEES

| Travel  10.00 | Services  40.00 | Total  $50.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  7-2-00
                    Date

Signature of Server
P.O. BOX 1992
WILLIAMSPORT, PA. 17703-1992
Address of Server

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

W.4...

00-CV-3174    (3)

## RETURN OF SERVICE

| | Date |
|---|---|
| Service of the Summons and Complaint was made by me[1] | 7-11-2000 |
| Name of Server   Nicholas L. Vinci | Title |

Check one box below to indicate appropriate method of service

☑ Served personally upon the defendant. Place where served  31 Park Lane
Sherrill J. Mulligan                        Gilbertsville Pa

Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

_____

FILED

JUL 17 2000

Other (specify) _____

MICHAEL E. KUNZ, Clerk
_____ Dep. Clerk
By_____

## STATEMENT OF SERVICE FEES

| Travel | Services | Total |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   7-11-2000 _____    _____
                Date                    Signature of Server

Nicholas L. Vinci
3534 Byrne Road
Philadelphia PA 19154-3315

_____
Address of Server

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | Date 7-11-2000 |
| Name of Server Nicholas L. Vinci | Title |

Check one box below to indicate appropriate method of service

☑ Served personally upon the defendant. Place where served 31 Park Lane Gilbertsville Pa

☑ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:
Sherrill J. Mulligan wife of Denis A Mulligan

Other (specify) _____

**FILED**

JUL 1 7 2000

MICHAEL E. KUNZ, Clerk

By _____ Dep. Clerk

## STATEMENT OF SERVICE FEES

| Travel | Services | Total |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _7-11-2000_      _____
            Date                  Signature of Server

Nicholas L. Vinci
3534 Byrne Road
Philadelphia PA 19154-3315
_____
Address of Server

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | Date 7-11-00 |
| Name of Server JEFFREY R. MELTZER | Title PRIVATE DETECTIVE |

Check one box below to indicate appropriate method of service

Served personally upon the defendant. Place where served  489 EAST ACADEMY ST. HUGHESVILLE, PA. 17737-1805

Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

Other (specify) _____

FILED

JUL 17 2000

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

### STATEMENT OF SERVICE FEES

| Travel | Services | Total |
|---|---|---|
| 150.00 | 300.00 | $ 450.00 |

### DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  7-11-00
             Date

Signature of Server  Jeffrey R. Meltzer
P.O. Box 1992
WILLIAMSPORT, PA. 17703-1992
Address of Server

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | Date 07/05/00 — 1428 |
| Name of Server DONALD W Good | Title Inv. |

Check one box below to indicate appropriate method of service

Served personally upon the defendant. Place where served *Timothy KIRK, V-Pres. Claims* *Lincoln Gen. Ins. Co., 3350 Whiteford Rd, York PA 17402-0136*

Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

Other (specify)

**FILED**

JUL 19 2000

MICHAEL E. KUNZ, Clerk

By _____ , Dep. Clerk

## STATEMENT OF SERVICE FEES

| Travel | Services | Total |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 07/05/00
_____ Date

Signature of Server

571 Cambria Av
Hbg PA 17111-4524
Address of Server

COMMONWEALTH OF PENNSYLVANIA }
COUNTY OF DAUPHIN } SS:
Subscribed and sworn to before me
this 7 day of July 20 00
Notary Public

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

NOTARIAL SEAL
JULIA R. ERB, Notary Public
Susquehanna Twp., Dauphin County
My Commission Expires Nov. 5, 2001

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| | July 19, 2000 |

| Name of Server | Title |
|---|---|
| Kathleen S. Fox | Process Server |

Check one box below to indicate appropriate method of service

Served personally upon the defendant. Place where served  10220 Villa Ridge Dr.
Las Vegas , Nevada 89134

Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

_____

Other (specify) _____

_____

_____

**FILED**

**JUL 3 1 2000**

MICHAEL E. KUNZ, Clerk

By _____ Dep. Clerk

### STATEMENT OF SERVICE FEES

| Travel | Services | Total |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  7-21-00
Date

Signature of Server Kathleen S. Fox

 618 S. 6th St., Las Vegas, Nevada 89101
Address of Server

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

AUG - 2 2000

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

NORTHLAND INSURANCE COMPANY  :  CIVIL ACTION

:

v.  :

:

LINCOLN GENERAL INSURANCE et al.  :  NO. 00-3174


O R D E R


AND NOW, this 2nd day of August, 2000, in accordance with the court's

procedure for random reassignment of cases, it is hereby

ORDERED that the above-captioned case is reassigned from the calendar of

the Honorable William H. Yohn, Jr. to the calendar of the Honorable Petrese B. Tucker.


FOR THE COURT:  **RECEIVED**

JAMES T. GILES  AUG 0 3 2000
Chief Judge

**TUCKER, PETRESE B.**

ATTEST:


MICHAEL E. KUNZ
Clerk of Court


COPIES BY MAIL ON: 8/2/00

TO: David F. Rosenbaum.

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | Date 7/27/00 |
| Name of Server John E. Glatz | Title Private Investigator |

Check one box below to indicate appropriate method of service

X Served personally upon the defendant. Place where served 305 E. Broad St. Tamaqua Pa. At 5:15 P.M. on 7/27/00.

**FILED**

Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

AUG 0 8 2000
MICHAEL E. KUNZ, Clerk

Name of person with whom the summons and complaint were left: /N/ ___ Dep. Clerk

Other (specify) Four Attempts of Service were made. 9 hours time plus 400 miles were Expended. 9 x 35.00 = $315.—.   400 miles x $0.35 = $140.—

## STATEMENT OF SERVICE FEES

| Travel $140.— | Services $315.— | Total $455.— |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 7/31/00
_____
Date

_____
Signature of Server

P.O. Box 108 West Pittston Pa. 18643
Address of Server

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

⑧

**ENTERED**

AUG 1 7 2000

**CLERK OF COURT**

D

AUG

MICHAEL

By

NORTHLAND INSURANCE COMPANY,           :
        Plaintiff                       :
                                        :
        v.                              :
                                        :  No. 00-W-3174
LINCOLN GENERAL INSURANCE               :
COMPANY, et al.,                        :
        Defendants                      :

### STIPULATION FOR EXTENSION OF TIME

AND NOW comes, Plaintiff Northland Insurance Company, by and through its counsel, Ruthrauff & Armbrust, and Defendant Lincoln General Insurance Company, by and through its counsel, McNees, Wallace and Nurick, and stipulate that Defendant Lincoln General Insurance Company will not be required to respond to the complaint until August 18, 2000.

David Ira Rosenbaum, Esq.
Ruthrauff & Armbrust, P.C.
1601 Market Street, 16th Floor
Philadelphia, PA 19103
(215) 567-3700

7/25/200

Jonathan H. Rudd, Esq.
McNees, Wallace and Nurick
100 Pine Street, P.O. Box 1166
Harrisburg, PA 17108
(717) 237-5405

APPROVED BY THE COURT:

PETRESE B. TUCKER,                J.

COPIES BY MAIL ON: 8/17/00

To: D. Rosenbaum
    J. Rudd

```
************* -COMM.   NAL- ***************** DATE AUG-17-2000 ** TIME 11:43 ********

    MODE = MEMORY TRANSMISSION           START=AUG-17 11:41    END=AUG-17 11:43

       FILE NO.=014

  STN NO.   COMM.   ABBR NO.    STATION NAME/TEL NO.    PAGES   DURATION

    001      OK      ☎          917172375300           002/002 00:00:40




  ******************************** -          - **** -              - ********
```

# Fax

| | |
|---|---|
| **Name:** | Jonathan Rudd, Esquire |
| **Fax:** | 717-237-5300 |
| **Phone:** | 717-237-5405 |
| **From:** | Chambers of Judge Petrese B. Tucker |
| **Date:** | August 17, 2000 |
| **Re:** | Northland Insurance Company vs. Lincoln General Insurance |
| | Civil Action Number 00-3174 |
| **Pages:** | 1 |

*************** -COMM. ●●●NAL- *********************** DATE AUG-17-2000 ●●● ** TIME 11:39 ********

MODE = MEMORY TRANSMISSION            START=AUG-17 11:38    END=AUG-17 11:39

FILE NO.=013

STN NO.   COMM.   ABBR NO.    STATION NAME/TEL NO.    PAGES   DURATION

001     OK     ☎          92155870409         002/002 00:00:28


*********************************** –        – ***** –              – *********


2:00-cv-03174

DAVID IRA ROSENBAUM, Esq.                              adr
RUTHRAUFF & ARMBRUST, P.C.
1601 MARKET STREET
PHILADELPHIA, PA  19103-1913


-------------------------------


-------------------------------

04/11/2001 10:13 FAX 7172375300          McNees Wallace & Nurick          ☒002/004

Copy of
Doc. #9

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

NORTHLAND INSURANCE COMPANY,      :
            Plaintiff             :
                                  :
                                  :
            v.                    :   No. 00-W-3174
                                  :
LINCOLN GENERAL INSURANCE         :
COMPANY, et al.,                  :
            Defendants            :

<u>ORDER</u>

AND NOW, this _____ day of _____, 2000, it is hereby

ordered that this action is dismissed for improper venue.


                    BY THE COURT:


                    _____

## CERTIFICATE OF SERVICE

I, Jonathan H. Rudd, Esquire, hereby certify that on this 16th day of August, 2000, a true and correct copy of the foregoing document was served by first-class, United States mail, postage prepaid, upon the following:

David Ira Rosenbaum, Esq.
Ruthrauff & Armbrust, P.C.
1601 Market Street, 16th Floor
Philadelphia, PA 19103

J.H.M. Enterprises, Inc.
1200 Walmont Drive, N.W.
Williamsport, PA 17701

Vernice Lee Statts
489 East Academy Street
Hughesville, PA 17737-1805

Robert E. Krapf
305 East Broad Street
Tamaqua, PA 18252-2129

Ute L. Hetland Clark
1022 Villa Ridge Drive
Las Vegas, NV

Dennis A. Mulligan
568 North Locust Street
Hazleton, PA 18201-4925

Jonathan H. Rudd



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

RECEIVED
SEP 1 4 2000
TUCKER, PETRESE B.

NORTHLAND INSURANCE COMPANY, **F I L E D**

Plaintiff, **SEP 15 2000**

v.                                     MICHAEL E. KUNZ, Clerk

By _____ Dep. Clerk

LINCOLN GENERAL INSURANCE COMPANY, :
J.H.M. ENTERPRISES, INC., VERNICE L. :
STATTS, ROBERT E. KRAPF and UTE L. :
HETLAND CLARK, as Administrators of the :
Estate of Karin Clifford and ROBERT E. KRAPF :
and PATRICIA R. CLIFFORD, as Administrators :
of the Estate of Robert R. Clifford, SHERRILL J. :
MULLIGAN, DENIS A. MULLIGAN, :
                                       :
Defendants. :

RECEIVED
SEP 1 4 2000

00-3174.

## NOTICE OF PARTIAL DISMISSAL, STIPULATION AND ORDER

Plaintiff, Northland Insurance Company, by its undersigned attorneys hereby dismisses pursuant to Fed. R. Civ. P. 4l(a) its Complaint against defendants Robert E. Krapf and Ute L. Hetland Clark, as Administrators of the Estate of Karin Clifford and Robert E. Krapf and Patricia R. Clifford as Administrators of the Estate of Robert R. Clifford only (collectively, "the Dismissed Defendants").

IT IS HEREBY STIPULATED AND AGREED that the Dismissed Defendants will be bound by any decision or judgment that the court may reach in the above captioned lawsuit with respect to the obligations of Northland Insurance Company and Lincoln General Insurance Company to provide insurance coverage for any and all liability or settlements in the following underlying action: Robert E. Krapf and Ute L. Hetland Clark as Administrators of the Estate of Karin Clifford v. Statts, C.A. No. S-650-1996 (C.P. Schuylkill Co.) ("the Underlying Action"). It is further agreed that the Dismissed Defendants have no obligation whatsoever to repay or refund any monies paid by Northland Insurance Company as a part of the settlement of the Underlying Action.

08/17/00  THU 15:14 FAX 2135870409    Ruthrauff  Armbrust                    ☐003

Dated: ~~August~~ Sept /4, 2000

RUBRIGHT, DOMALAKES, TROY & MILLER
P.O. Box 9, Law Building
Frackville, PA 17931
(570) 874-1109

Attorneys for Defendants Robert E. Krapf and
Ute L. Hetland Clark, as Administrators of the
Estate of Karin Clifford and Robert E. Krapf
and Patricia R. Clifford  as Administrators of
the Estate of Robert R. Clifford

By: _signature_  ,gg
     Charles M. Miller (20095)

RUTHRAUFF & ARMBRUST, P.C.
1601 Market Street
16th Floor
Philadelphia, PA 19103
(215) 567-3700

Attorneys for Plaintiff Northland Insurance
Company

By: _signature_
     David Ira Rosenbaum
     (52589)

Of Counsel:

Ira S. Lipsius
SCHINDEL, FARMAN & LIPSIUS, LLP
225 West 34th Street
New York, NY 10122
(212) 563-1710

Approved: _signature_

COPIES BY MAIL ON: 9/15/00
TO: D. Rosenbaum  J. Budd
    C. Miller

*************** -COMM. JOURNAL- ****************** DATE SEP-15-2000 *** TIME 10:12 ********

MODE = MEMORY TRANSMISSION          START=SEP-15 10:11    END=SEP-15 10:12

    FILE NO.=099

STN NO.    COMM.    ABBR NO.    STATION NAME/TEL NO.    PAGES    DURATION

001        OK       ☎           917172375300            003/003  00:00:52

***************************************** -        - ***** -          - ********

2:00-cv-03174

JONATHAN H. RUDD, Esq.                          adr
MC NEES, WALLACE & NURICK
100 PINE STREET
P.O. BOX 1166
HARRISBURG, PA  17108-1166                      FAX 717-237-5300

-------------------------------

-------------------------------



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

---

NORTHLAND INSURANCE COMPANY,     :
                                 :
                    Plaintiff,   :
                                 :
        v.                       :        C.A. No. 00-CU-3174
                                 :
LINCOLN GENERAL INSURANCE COMPANY, :
J.H.M. ENTERPRISES, INC., VERNICE L. :
STATTS, ROBERT E. KRAPF and UTE L. :
HETLAND CLARK, as Administrators of the :
Estate of Karin Clifford and ROBERT E. KRAPF :
and PATRICIA R. CLIFFORD, as Administrators :
of the Estate of Robert R. Clifford, SHERRILL J. :
MULLIGAN, DENIS A. MULLIGAN,     :
                                 :
                    Defendants.  :

---

## PLAINTIFF NORTHLAND INSURANCE COMPANY'S
## ANSWER IN OPPOSITION TO DEFENDANT LINCOLN
## <u>INSURANCE COMPANY'S MOTION TO DISMISS FOR IMPROPER VENUE</u>

For the reasons set forth in detail in the attached Memorandum of Law, plaintiff Northland

Insurance Company respectfully requests that this Court deny Defendant's Motion to Dismiss for

Improper Venue. Alternatively, if the Court finds that venue is not properly vested in the Eastern

District of Pennsylvania, it should transfer the case to the United States District Court for the Middle

RECEIVED

SEP 2 0 2000

TUCKER, PETRESE B.

District of Pennsylvania as opposed to dismissing the case outright.

By: *David Ira Rosenbaum*

David Ira Rosenbaum, Esquire (52859)
Ruthrauff & Armbrust, P.C.
1601 Market Street
16th Floor
Philadelphia, PA 19103
(215) 567-3700

Of Counsel:

Ira Lipsius, Esquire
Schindel Farman & Lipsius
225 West 34th Street
New York, NY 10122

Attorneys for Plaintiff Northland Insurance
Company

Dated: September 18, 2000



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORTHLAND INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 00-CU-3174 |
| | : | |
| LINCOLN GENERAL INSURANCE COMPANY, | : | |
| J.H.M. ENTERPRISES, INC., VERNICE L. | : | |
| STATTS, ROBERT E. KRAPF and UTE L. | : | |
| HETLAND CLARK, as Administrators of the | : | |
| Estate of Karin Clifford and ROBERT E. KRAPF | : | |
| and PATRICIA R. CLIFFORD, as Administrators | : | |
| of the Estate of Robert R. Clifford, SHERRILL J. | : | |
| MULLIGAN, DENIS A. MULLIGAN, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS FOR IMPROPER VENUE

### I.    INTRODUCTION

This matter involves the interpretation of two insurance policies; Northland Insurance

Company ("Northland") seeks an order declaring that Lincoln General Insurance Company provides

primary coverage for the liability, if any, of the mutual insureds of the two companies.

The underlying accident occurred in Schuylkill County in 1995 which, at that time, formed

part of the Eastern District of Pennsylvania. Since 1998, of course, Schuylkill has been part of the

Middle District. (Public L. 105-277, 112 Stat. 2681-116; 144 Cong. Ree. H. 7262).

In fact, the matter is properly venued in this Court. In the event, however, that the Court

agrees that the more appropriate venue is the United States District Court for the Middle District of

3

Pennsylvania, the Court should, instead of dismissing the action, cure the defect by transferring the case pursuant to 28 U.S.C. §1406(a).

## II.    <u>STATEMENT OF FACTS</u>

Northland filed this action for declaratory relief on June 22, 2000. ( A copy of the complaint is attached as Exhibit A). The case arises out of the multi-vehicle accident on State Route 309 in Rush Township, Schuylkill County, on November 17, 1995. Robert and Karin Clifford were killed and Sherill and Denis Mulligan injured as a result of the collision.

Lawsuits were filed in the Court of Common Pleas of Schuylkill County by the Mulligans (S-1689 of 1997) and on behalf of the estate of Karin Clifford (Robert E. Krapf and Ute L. Hetland Clark, Administrators) and Robert R. Clifford (Robert E. Krapf and Patricia R. Clifford, Administrators) (S-650 of 1996). The defendants were Vernice Lee Statts, a truck driver, her employer J.H.M. Enterprises, and the motor carrier to which the J.H.M. tractor-trailer rig was leased, Woolever Brothers Transportation, Inc.

Northland issued a liability policy to Woolever; Lincoln General issued its policy to J.H.M. The issue before the Court is the relative priority of the two policies, i.e., which provides primary coverage and which excess coverage. Northland initially named the various plaintiffs and administrators as defendants in the declaratory judgment action but the administrations of the Clifford estates are, or will, no longer be defendants in the action. (Attached as Exhibit B is the Notice of Partial Dismissal, Stipulation and Order). The Mulligans presently reside within the Eastern District of Pennsylvania.

2

III.   **ARGUMENT**

A.   THIS SUITE IS PROPERTY VENUED IN THE EASTERN DISTRICT OF PENNSYLVANIA

The venue statute, 28 U.S.C. §1391 provides, in relevant part:

(a)   A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

. . .

(c)   For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

Pursuant to §1391(a)(1) venue is proper in a diversity case in a judicial district where any defendant resides, so long as all the defendants reside in the same state.

All of the remaining defendants reside in Pennsylvania.  (The only non-Pennsylvania defendant had been Ute Clark, one of the Administrators).  Accordingly, venue is appropriate in the Eastern District so long as at least one of the defendants resides in that district.

3

Denis and Sherill Mulligan currently reside in Gilbertville which is in Berks County. ( A copy of the summonses are attached as Exhibit C). Berks County, of course, is in the Eastern District.

In addition, under §1391(c) corporation, such as Lincoln General and J.H.M., are deemed to reside in any judicial district in which they are subject to personal jurisdiction. Thus both Lincoln General and J.H.M. also "reside" in the Eastern District. See, e.g., Jones v. National Seating Co., 1990 U.S. Dist. Lexis 7795 (E.D. Pa. 1990), aff'd 941 F.2d 1201 (3d Cir. 1991). Venue is, therefore, proper under §1391(a).

In addition, the transfer of Schuylkill County to the Middle District in 1998, does not change the fact that the underlying accident occurred in the Eastern District of Pennsylvania as it was constituted in 1995. Venue is, therefore, also appropriate under §1391(a)(2).

In either event, Lincoln General has failed to meet its burden that the venue is improper Grissinger v. Young, 1998 U.S. Dist. Lexis 9898 (E.D. Pa. 1998).

B.    IF VENUE IN THE EASTERN DISTRICT IS IMPROPER, THE APPROPRIATE CURE IS A TRANSFER TO THE MIDDLE DISTRICT

If the Court determines that this matter was improperly venued in the Eastern District of Pennsylvania, the Court has the discretion to transfer the case to another district where venue is proper, when doing so better serves the interests of justice. 28 U.S.C. § 1406(a); at its discretion, may transfer the action rather than dismiss to. Grissinger, supra; Wade v Wilkes-Barre Housing Auth., 1999 U.S. Dist. Lexis 5584 (E.D. Pa. Apr. 19,1999); see also Lahm v. Wagner, 776 F Supp. 114, 115 (E.D.N.Y. 1991) ("[E]ven where plaintiff has improperly attempted to lay venue, the court may cure the defect by a transfer.").

4

In <u>Jennings v. University of North Carolina</u>, 1999 U.S. Dist. LEXIS 6967 (N.D. Ill. Apr. 26. 1999), the action was originally brought in Illinois. Although the defendants asked the court to dismiss the action for improper venue, the court elected to transfer the action to the Middle District of North Carolina. Noting that "Section 1406(a)'s 'interest of justice' requirement focuses on the efficient administration of the court system and not the private interests of the parties," <u>id</u>. at *3 (citation omitted); the court went on to explain why justice would be served by a transfer, rather than a dismissal:

> The administration of justice is served more efficiently when the action is litigated in the forum that is "closer to the action." ... North Carolina is the forum closest to the sites of the alleged acts giving rise to the claims in this case....Therefore, there is a greater public interest in having the dispute resolved in the Middle District of North Carolina than in the Northern District of Illinois.
>
> Further, transferring the case to North Carolina would promote judicial economy by eliminating any dispute as to whether the court has jurisdiction over defendants. Thus, the case could proceed to trial more quickly in North Carolina than it would in Illinois. Therefore, rather than dismissing the case and forcing the plaintiffs to incur the additional costs of re-filing in North Carolina, it is in the interest of justice and judicial economy to transfer this action to the Middle District of North Carolina. <u>Id</u>. at *6-7 (citations omitted).

In the present case, the automobile accident giving rise to the claims asserted in the complaint occurred in Schuylkill County, which is located in the Middle District of Pennsylvania (although, at the time of the accident, Schuylkill County was in the Eastern District). At this time, all defendants reside in Pennsylvania, and the Middle District would therefore have no difficulty in asserting jurisdiction over them. Under the circumstances, the interest of judicial economy and justice favor, not a dismissal which would compel plaintiff to incur unnecessary costs in re-filing, but a simple transfer to the Middle District.

5

IV.    **CONCLUSION**

For the foregoing reasons, plaintiff Northland respectfully requests this Court to deny defendant Lincoln's motion to dismiss for improper; or, alternatively, that the Court transfer the action to the Middle District of Pennsylvania.

By:    David Ira Rosenbaum, Esquire (52859)
Ruthrauff & Armbrust, P.C.
1601 Market Street
16th Floor
Philadelphia, PA 19103
(215) 567-3700

Of Counsel:

Ira Lipsius, Esquire
Schindel Farman & Lipsius
225 West 34th Street
New York, NY 10122

Attorneys for Plaintiff Northland Insurance Company

Dated: September 18, 2000

# EXHIBIT A

(Rev. 07/89)                                    CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Northland Insurance Company
1295 Northland Drive
St. Paul, MN 55120-1146

**DEFENDANTS**

Lincoln General Insurance Co.
3350 Whiteford Road
York, PA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Ramsey
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED (see attached list for
other defendants)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David Ira Rosenbaum, Esquire
Ruthrauff & Armbrust, P.C.
1601 Market Street, 16th Floor
Philadelphia, PA 19103   (215) 567-3675

ATTORNEYS (IF KNOWN)

Unknown

## II. BASIS OF JURISDICTION   (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is a declaratory judgment action premised upon diversity jurisdiction
under 28 U.S.C. Section 1332.

## V. NATURE OF SUIT   (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE /PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN   (PLACE AN × IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☑ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
06/22/00

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

6/22

J. H. M. Enterprises, Inc.
1200 Valmont Drive, N.W.
Williamsport, Lycoming County, Pennsylvania.

Vernice Lee Statts
489 East Academy Street
Hughesville, Lycoming County, Pennsylvania.

Sherrill J. Mulligan and Denis A. Mulligan
568 North Locust Street
Hazleton, Luzerne County, Pennsylvania.

Robert E. Krapf
305 East Broad Street
Tamaqua, Schuylkill County, Pennsylvania.

Ute L. Hetland Clark
1022 Villa Ridge Drive
Las Vegas, Clark County, Nevada..

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Northland Insurance Company     :     CIVIL ACTION

              v.     :

Lincoln General Ins. Co., JHM   :
Enterprises, Inc. Vernice L.     :     NO.
Statts, Robert E. Krapf and Ute L. Hetland Clark, et. al.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)     Habeas Corpus -- Cases brought under 28 U.S.C. §2441 through §2255.     ( )

(b)     Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c)     Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8.     ( )

(d)     Asbestos — Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e)     Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f)     Standard Management -- Cases that do not fall into any one of the other tracks.     ( XX )

06/21/00
_____
(Date)

_____
Attorney-at-law

Northland Insurance Company
_____
Attorney for

(Civ. 660)
12/91

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

NORTHLAND INSURANCE COMPANY,  :
                                     :
               Plaintiff,    :
                                       :     C.A. No. ___ 00 - w - 3174
     v.                       :
                                       :
LINCOLN GENERAL INSURANCE COMPANY, :
J.H.M. ENTERPRISES, INC., VERNICE L.  :
STATTS, ROBERT E. KRAPF and UTE L.  :
HETLAND CLARK, as Administrators of the  :
Estate of Karin Clifford and ROBERT E. KRAPF  :
and PATRICIA R. CLIFFORD, as Administrators  :
of the Estate of Robert R. Clifford, SHERRILL J.  :
MULLIGAN, DENIS A. MULLIGAN,  :
                                       :
              Defendants.  :

The plaintiff Northland Insurance Company ("Northland"), for its complaint against the Defendants herein, alleges as follows:

## THE PARTIES AND JURISDICTION

1.     Northland is a Minnesota corporation with its principal place of business in Minnesota.

2.     Upon information and belief, Lincoln General Insurance Company is a Pennsylvania corporation with its principal place of business at 3350 Whiteford Road, York, Pennsylvania.

3.     Upon information and belief, J.H.M. Enterprises, Inc. ("JHM") is a Pennsylvania corporation with its offices located at 1200 Valmont Drive, N.W., Williamsport, Lycoming County, Pennsylvania, and it engaged in the business of transporting merchandise and products via trailer in the Commonwealth of Pennsylvania.

4.    Upon information and belief, Vernice Lee Statts ("Statts") is an adult individual residing at 489 East Academy Street, Hughesville, Lycoming County, Pennsylvania.

5.    Upon information and belief, Sherrill J.Mulligan and Denis A. Mulligan, are adult individuals who reside at 568 North Locust Street, Hazleton, Luzerne County, Pennsylvania.

6.    Upon information and belief, Robert E. Krapf, is an individual residing at 305 East Broad Street, Tamaqua, Schuylkill County, Pennsylvania, and Ute L. Hetland Clark, is an individual residing at 1022 Villa Ridge Drive, Las Vegas, Nevada.

7.    Upon information and belief, Krapf and Clark are the Administrators of the Estate of Karin Clifford, deceased, having been appointed by the Register of Wills of Schuylkill County, Pennsylvania, on November 22, 1995.

8.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceed the sum of value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states and pursuant to 28 U.S.C. §2201.

9.    Venue is appropriate in this forum pursuant to 28 U.S.C. §1391(a) & (c).

## GENERAL ALLEGATIONS

10.   On November 17, 1995 Statts was an employee and/or agent of JHM.

11.   On November 17, 1995 Statts was dispatched by JHM to pick up a load on behalf of JHM.

12.   On November 17, 1995, Statts was driving a 1979 Freightliner with Serial Number CA213HM160222 ("the Tractor") and a 1980 Great Dane Trailer ("the Trailer").

2



13.   On November 17, 1995, the Tractor and Trailer driven by Statts was involved in an accident with a vehicle operated by Robert Clifford and a vehicle operated by Sherill Mulligan ("the Accident").

14.   At the time of the Accident, the Tractor and Trailer were owned by Jay McCormick of JHM.

15.   At the time of the Accident, Statts was not operating the Tractor or Trailer in the business of Woolever Brothers Transportation Inc. ("Woolever").

16.   Krapt and Clark, as administrators of the Estate of Karin Clifford, and Krapt and Patricia R. Clifford as administrator of the Estate of Robert R. Clifford have brought a lawsuit against JHM, Vince Lee Stats, Woolever among others ("the Clifford action") arising out of the accident.

17.   The accident resulted in the deaths of Karin Clifford and Robert R. Clifford.

18.   The plaintiffs in the Clifford Action have demanded a total of $2 million.

19.   Sherrill J. Mulligan and Denis A. Mulligan have brought a lawsuit against JHM, Vince Lee Stats and Woolever ("the Mulligan action") arising out of the accident.

20.   The plaintiffs in the Mulligan action have demanded $175,000.

21.   Lincoln General issued a policy of insurance bearing policy number PAP 1857700495 to JHM that was in effect at the time of the Accident (the "Lincoln General Policy").

22.   Northland issued a policy of insurance bearing policy number TF209197 to Woolever that was in effect at the time of the Accident (the "Northland Policy").

3

## COUNT ONE

23.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 with the same force and effect as though fully set forth at length herein.

24.  The Lincoln General Policy lists the Tractor as a covered auto.

25.  The Lincoln General Policy provides coverage for the Tractor.

26.  The Lincoln General Policy lists the Trailer as a covered auto.

27.  The Lincoln General Policy provides coverage for the Trailer

28.  Pursuant to the terms of the Lincoln General Policy, JHM is an insured under the Lincoln policy.

29.  Pursuant to the terms of the Lincoln General Policy, Statts is an insured under the Lincoln policy.

30.  Pursuant to the terms of the Lincoln General Policy, Woolever is an insured under the Lincoln policy.

31.  The Lincoln General Policy provides coverage for the liability, if any, of JHM, Statts and Woolever arising from the Accident.

WHEREFORE, Northland requests a judicial declaration that:

1.  Lincoln General provides coverage for JHM, Statts and Woolever in the Clifford Action and the Mulligan Action (collectively "the Underlying Actions").

2.  Any coverage obligation owed by the Northland policy in the Underlying Actions is excess to the Lincoln policy and is not triggered until the Lincoln policy is exhausted.

4

3.   Northland is entitled to reimbursement from Lincoln for all costs in defending the Underlying Actions.

## COUNT TWO

32.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 28 with the same force and effect as though fully set forth at length herein.

33.   The Lincoln Policy and the Northland Policy both contain the following "other insurance" provision:

5.   **OTHER INSURANCE ---PRIMARY AND EXCESS INSURANCE PROVISIONS**

   a.   This Coverage Form's Liability Coverage is primary for any covered "auto" while hired or borrowed by you and used exclusively in your business as a "trucker" and pursuant to operating rights granted to you by a public authority.  This Coverage Form's Liability Coverage is excess over any other collectible insurance for any covered "auto" while hired or borrowed from you by another "trucker".  However, while a covered "auto" which is a "trailer" is connected to a power unit, this Coverage Form's Liability Coverage is:

   (1)   On the same basis, primary or excess, as for the power unit if the power unit is a covered "auto".

   (2)   Excess if the power unit is not a covered "auto".

   b.   Any Trailer Interchange Coverage provided by this Coverage Form is primary for any covered "auto".

   c.   Except as provided in paragraphs a. and b. above, this Coverage Form provides primary insurance for any covered "auto" you own and excess insurance for any covered "auto" you don't own.

   d.   Regardless of the provisions of paragraphs a, b and c above, this Coverage Form's Liability Coverage is primary for any liability assumed under an "insured contract".

5



e.    When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering the same basis.

34.    At the time of the Accident, the Tractor and Trailer were being operated in the business of JHM.

35.    At the time of the Accident, the Tractor and Trailer were not being operated in the business of Woolever.

36.    The Lincoln General Policy provides primary coverage.

37.    Any coverage provided by Northland for the Accident is excess to the coverage provided by Lincoln General.

WHEREFORE, Northland requests a judicial declaration that:

1.    Lincoln General provides coverage for JHM, Statts and Woolever in the Clifford Action and the Mulligan Action (collectively "the Underlying Actions").

2.    Any coverage obligation owed by the Northland policy in the Underlying Actions is excess to the Lincoln policy and is not triggered until the Lincoln policy is exhausted.

3.    Northland is entitled to reimbursement from Lincoln for all costs in defending the Underlying Actions.

## COUNT THREE

35.    Northland has spent $ 51,769.94 defending Woolever in the Clifford Action and the Mulligan Action.

6

1.  Lincoln General provides coverage for JHM, Statts and Woolever in the Clifford Action and the Mulligan Action (collectively "the Underlying Actions").

2.  Any coverage obligation owed by the Northland policy in the Underlying Actions is excess to the Lincoln policy and is not triggered until the Lincoln policy is exhausted.

3.  Northland is entitled to reimbursement from Lincoln for all costs in defending the Underlying Actions.

By:    _____
       David Ira Rosenbaum, Esquire (52859)
       Ruthrauff & Armbrust, P.C.
       1601 Market Street
       16th Floor
       Philadelphia, PA 19103
       (215) 567-3700

Of Counsel:

       Ira Lipsius, Esquire
       Schindel Farman & Lipsius
       225 West 34th Street
       New York, NY 10122

       Attorneys for Plaintiff Northland Insurance Company

Dated: June 22, 2000

7

# EXHIBIT B

## SUMMONS IN A CIVIL ACTION

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTHLAND INSURANCE COMPANY<br><br>    v.<br><br>LINCOLN GENERAL INSURANCE COMPANY; J.H.M.<br>ENTERPRISES, INC.; VERNICE L. STATTS; ROBERT E.<br>KRAPF and UTE L. HETLAND CLARK, as Administrators<br>of the Estate of Karin Clifford and ROBERT E. KRAPF and<br>PATRICIA R. CLIFFORD, as Administrators of the Estate of<br>Robert R. Clifford, SHERRILL J. MULLIGAN and DENIS A.<br>MULLIGAN | CIVIL ACTION NO. 00-3174<br><br><br>TO: (NAME AND ADDRESS OF<br>    DEFENDANT)<br><br><br>Denis A. Mulligan<br>31 Park Lane<br>Gilbertville, PA |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)

   David Ira Rosenbaum, Esq.
   Ruthrauff & Armbrust, P.C.
   1601 Market St., 16th flr.
   Philadelphia, PA 19103

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| Michael E. Kunz, Clerk of Court | Date:6/22/00 |
|---|---|
| (By) Deputy Clerk<br><br>PATRICIA A. JONES | |

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | **Date** 7-11-2000 |
| Name of Server *Nicholas L. Vinci* | **Title** **FILED**   JUL 1 7 2000 |

Check one box below to indicate appropriate method of service

☑ Served personally upon the defendant. Place where served  31 PARK LANE GilBertsVille Pa

☑ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:
*Sherrill J. Mulligan   wife of Denis A Mulligan*

Other (specify) _____

_____

_____

_____

## STATEMENT OF SERVICE FEES

| Travel | Services | Total |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   7-11-2000
                **Date**

Signature of Server

Nicholas L. Vinci
3534 Byrne Road
Philadelphia PA 19154-3315
Address of Server

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

## SUMMONS IN A CIVIL ACTION

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTHLAND INSURANCE COMPANY<br><br>v.<br><br>LINCOLN GENERAL INSURANCE COMPANY; J.H.M. ENTERPRISES, INC.; VERNICE L. STATTS; ROBERT E. KRAPF and UTE L. HETLAND CLARK, as Administrators of the Estate of Karin Clifford and ROBERT E. KRAPF and PATRICIA R. CLIFFORD, as Administrators of the Estate of Robert R. Clifford, SHERRILL J. MULLIGAN and DENIS A. MULLIGAN | CIVIL ACTION NO. 00-3174<br><br>TO: (NAME AND ADDRESS OF<br>    DEFENDANT)<br><br>Sherrill J. Mulligan<br>31 Park Lane<br>Gilbertville, PA |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)

   David Ira Rosenbaum, Esq.
   Ruthrauff & Armbrust, P.C.
   1601 Market St., 16th flr.
   Philadelphia, PA 19103

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| | |
|---|---|
| Michael E. Kunz, Clerk of Court | Date:6/22/00 |

(By) Deputy Clerk

PATRICIA A. JONES

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date 7-11-2000 |
|---|---|
| Name of Server *Nicholas L. Vinci* | Title **FILED    JUL 1 7 2000** |

Check one box below to indicate appropriate method of service

✓ Served personally upon the defendant. Place where served 31 Park Lane
*Sherrill J. Mulligan*                               Gilbertsville Pa

Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:

_____

Other (specify) _____

_____

_____

## STATEMENT OF SERVICE FEES

| Travel | Services | Total |
|---|---|---|
|  |  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  7-11-2000
            Date

_____
Signature of Server

Nicholas L. Vinci
3534 Byrne Road
Philadelphia PA 19154-3315

_____
Address of Server

1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTHLAND INSURANCE COMPANY, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| LINCOLN GENERAL INSURANCE COMPANY, | : |
| J.H.M. ENTERPRISES, INC., VERNICE L. | : |
| STATTS, ROBERT E. KRAPF and UTE L. | : |
| HETLAND CLARK, as Administrators of the | : |
| Estate of Karin Clifford and ROBERT E. KRAPF | : |
| and PATRICIA R. CLIFFORD, as Administrators | : |
| of the Estate of Robert R. Clifford, SHERRILL J. | : |
| MULLIGAN, DENIS A. MULLIGAN, | : |
| | : |
| Defendants. | : |

## NOTICE OF PARTIAL DISMISSAL, STIPULATION AND ORDER

Plaintiff, Northland Insurance Company, by its undersigned attorneys hereby dismisses pursuant to Fed. R. Civ. P.41(a) its Complaint against defendants Robert E. Krapf and Ute L. Hetland Clark, as Administrators of the Estate of Karin Clifford and Robert E. Krapf and Patricia R. Clifford as Administrators of the Estate of Robert R. Clifford only (collectively, "the Dismissed Defendants").

IT IS HEREBY STIPULATED AND AGREED that the Dismissed Defendants will be bound by any decision or judgment that the court may reach in the above captioned lawsuit with respect to the obligations of Northland Insurance Company and Lincoln General Insurance Company to provide insurance coverage for any and all liability or settlements in the following underlying action: Robert E. Krapf and Ute L. Hetland Clark as Administrators of the Estate of Karin Clifford v. Statts, C.A. No. S-650-1996 (C.P. Schuylkill Co.) ("the Underlying Action"). It is further agreed that the Dismissed Defendants have no obligation whatsoever to repay or refund any monies paid by Northland Insurance Company as a part of the settlement of the Underlying Action.

Dated: ~~August~~ Sept 14, 2000

RUBRIGHT, DOMALAKES, TROY & MILLER
P.O. Box 9, Law Building
Frackville, PA 17931
(570) 874-1109

Attorneys for Defendants Robert E. Krapf and Ute L. Hetland Clark, as Administrators of the Estate of Karin Clifford and Robert E. Krapf and Patricia R. Clifford as Administrators of the Estate of Robert R. Clifford

By: _Charles M. Miller, Esq._
Charles M. Miller (20095)

RUTHRAUFF & ARMBRUST, P.C.
1601 Market Street
16th Floor
Philadelphia, PA 19103
(215) 567-3700

Attorneys for Plaintiff Northland Insurance Company

By: _David Ira Rosenbaum_
David Ira Rosenbaum
(52589)

Of Counsel:

Ira S. Lipsius
SCHINDEL, FARMAN & LIPSIUS, LLP
225 West 34th Street
New York, NY 10122
(212) 563-1710

Approved: _____

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

NORTHLAND INSURANCE COMPANY,    :
    :
                Plaintiff,    :
    :
    v.    :    C.A. No. 00-CU-3174
    :
LINCOLN GENERAL INSURANCE COMPANY, :
J.H.M. ENTERPRISES, INC., VERNICE L.    :
STATTS, ROBERT E. KRAPF and UTE L.    :
HETLAND CLARK, as Administrators of the    :
Estate of Karin Clifford and ROBERT E. KRAPF    :
and PATRICIA R. CLIFFORD, as Administrators    :
of the Estate of Robert R. Clifford, SHERRILL J.    :
MULLIGAN, DENIS A. MULLIGAN,    :
    :
                Defendants.    :

---

## CERTIFICATE OF SERVICE

I, David Ira Rosenbaum, hereby certify that on September 18, 2000, I caused a true and

correct copy of foregoing Plaintiff Northland Insurance Company's Answer in Opposition to

Defendant Lincoln Insurance Company's Motion to Dismiss for Improper Venue to be sent via

First Class Mail, postage pre-paid upon the following:

> Jonathan H. Rudd, Esquire
> McNees, Wallace & Nurick
> 100 Pine Street
> P.O. Box 1166
> Harrisburg, PA 17108
>
> Charles M. Miller, Esquire
> Rubright, Domalakes, Troy & Miller
> P.O. Box 9
> Law Building
> Frackville, PA 17931
>
> Joseph R. Musto, Esquire
> 10 W. Fourth Street
> Williamsport, PA 17701-6206

David Ira Rosenbaum

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORTHLAND INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 00-CU-3174 |
| | : | |
| LINCOLN GENERAL INSURANCE COMPANY, | : | |
| J.H.M. ENTERPRISES, INC., VERNICE L. | : | |
| STATTS, ROBERT E. KRAPF and UTE L. | : | |
| HETLAND CLARK, as Administrators of the | : | |
| Estate of Karin Clifford and ROBERT E. KRAPF | : | |
| and PATRICIA R. CLIFFORD, as Administrators | : | |
| of the Estate of Robert R. Clifford, SHERRILL J. | : | |
| MULLIGAN, DENIS A. MULLIGAN, | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this __ day of ____, 2000, upon consideration of the Motion of Defendant

Lincoln Insurance Company to Dismiss for Improper Venue and the response thereto, if any, it is

hereby ORDERED that the Motion is DENIED.

BY THE COURT:

_____

J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

NORTHLAND INSURANCE COMPANY,   :
                                   :
                    Plaintiff,    :
                                   :

      v.                           :     C.A. No. 00-CU-3174
                                   :

LINCOLN GENERAL INSURANCE COMPANY, :
J.H.M. ENTERPRISES, INC., VERNICE L.    :
STATTS, ROBERT E. KRAPF and UTE L.    :
HETLAND CLARK, as Administrators of the  :
Estate of Karin Clifford and ROBERT E. KRAPF :
and PATRICIA R. CLIFFORD, as Administrators :
of the Estate of Robert R. Clifford, SHERRILL J. :
MULLIGAN, DENIS A. MULLIGAN,       :
                                   :
                Defendants.   :

---

## ORDER (Alternative)

AND NOW, this __ day of ____, 2000, upon consideration of the Motion of Defendant Lincoln Insurance Company to Dismiss for Improper Venue and the response thereto, if any, it is hereby ORDERED that the Clerk is Directed to Transfer this Case to the United States District Court for the Middle District of Pennsylvania.

BY THE COURT:

_____
                                              J.



IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

NORTHLAND INSURANCE COMPANY,          :
                Plaintiff             :
                                      :                    F I L E D
        v.                            :
                                      :  No. 00-W-3174
LINCOLN GENERAL INSURANCE             :
COMPANY, et al.,                      :
                Defendants            :


**DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S**
**BRIEF IN RESPONSE TO PLAINTIFF'S BRIEF IN OPPOSITION**
**TO LINCOLN GENERAL INSURANCE COMPANY'S**
**MOTION TO DISMISS FOR IMPROPER VENUE**

In its response, Northland requests in the alternative that this action be transferred to the Middle District of Pennsylvania rather than dismissed for improper venue.  Lincoln General has no objection to the Court transferring the action to the Middle District of Pennsylvania rather than dismissing it for improper venue.

Northland also contends that dismissal is not warranted since it meets the requirements of 28 U.S.C. §1391.  Northland contends it meets the requirements of Section 1391 by having dismissed four of the original Defendants.  Northland contends that since one of the remaining Defendants now resides in the Eastern District of Pennsylvania, venue is proper in the Eastern District.

Based on the allegations in the Complaint, venue is not

proper in the Eastern District.    Initially, all of the Defendants do not reside in Pennsylvania.    Additionally, Northland allegee that Defendants "Sherrill J. Mulligan and Dennis A. Mulligan are adult individuals who reside at 568 North Locust Street, Hazleton, Luzerne County, Pennsylvania."  <u>See</u> Complaint at ¶5. Luzerne County is located within the Middle District of Pennsylvania.    Northland now contends that contrary to the allegations in the Complaint, the Mulligans live in Berks County.

This Court should determine the issue of venue as of the time the complaint was filed, not based on subsequent acts taken by the Plaintiff in an attempt to create venue in this Court. This action is appropriately venued in the Middle District of Pennsylvania, and Lincoln General requests that this action be transferred to the Middle District.

Respectfully submitted,

McNEES, WALLACE & NURICK

By _____
Jonathan H. Rudd, Esq.
Attorney I.D. No. 56880
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 237-5405

Attorneys for Defendant Lincoln
General Insurance Company

Date: 9/29/06

-2-

## CERTIFICATE OF SERVICE

I, Jeannine Pettigrew, Secretary to Jonathan H. Rudd, Esquire, hereby certify that on this 24th day of September, 2000, a true and correct copy of the foregoing document was served by first-class, United States mail, postage prepaid, upon the following:

David Ira Rosenbaum, Esq.
Ruthrauff & Armbrust, P.C.
1601 Market Street, 16th Floor
Philadelphia, PA 19103

J.H.M. Enterprises, Inc.
1200 Walmont Drive, N.W.
Williamsport, PA 17701

Vernice Lee Statts
489 East Academy Street
Hughesville, PA 17737-1805

Charles M. Miller, Esq.
Rubright Domalakes Troy & Miller
Law Building
Frackville, PA 17931

Dennis A. Mulligan
568 North Locust Street
Hazleton, PA 18201-4925

Jeannine Pettigrew

RECEIVED

OCT 0 4 2000

TUCKER, PETRESE B.

(13)

PBT

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

MAR 2 9 2001

MICHAEL E. KUNZ, Clerk

By _____ Dep. Clerk

NORTHLAND INSURANCE CO.

    Plaintiff,

        v.

LINCOLN GENERAL INSURANCE
COMPANY, et al.

    Defendants.

CIVIL ACTION

NO. 00-3174

## MEMORANDUM AND ORDER

TUCKER, J.

    Presently before this Court is a Motion to Dismiss for Improper Venue (Document No. 9) filed by Defendant Lincoln General Insurance Company ("Defendant") on August 21, 2000. For the reasons set forth below, upon consideration of the motion, the response of Plaintiff Northland Insurance Company ("Plaintiff") (Doc. 11), and Defendant's reply (Doc. 12), this Court finds that venue is improperly laid in the Eastern District of Pennsylvania. However, in the interests of justice, this Court will transfer this action to the Middle District of Pennsylvania under 28 U.S.C. §1406 to cure the defect rather than dismiss the action.

    Plaintiff in this case seeks a declaratory judgment determining which party provides primary liability insurance coverage for individuals mutually insured by both Plaintiff and Defendant. The underlying multi-vehicle accident occurred on State Route 309 Rush Township, in Schuylkill County, on November 17, 1995. At the time, Schuylkill County formed part of the Eastern District of Pennsylvania; however, in 1998, it became part of the Middle District of Pennsylvania.

ENTE

MAR

CLERK

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTHLAND INSURANCE CO. | CIVIL ACTION |
| Plaintiff, | |
| v. | NO. 00-3174 |
| LINCOLN GENERAL INSURANCE COMPANY, et al. | |
| Defendants. | |

FILED

MAR 29 2001

MICHAEL E. KUNZ, Clerk

By _____ Dep. Clerk

## O R D E R

AND NOW, this 28th day of March, 2001, upon consideration of Defendant's Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer Venue (Document No. 9), Plaintiff's Response thereto (Doc. 11), and Defendant's Reply (Doc. 12), it is hereby ORDERED and DECREED that Defendant's Motion is DENIED.

It is FURTHER ORDERED that this action is transferred to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. §1406. The Clerk shall transfer the record to that district and terminate this case from this Court's docket.

3-30-01 Copies mailed
D. I. Rosenbaum
J. H. M Enterprises, Inc.
V. I. Statts
S. J. Mulligan
D. a Mulligan
Legal
Cou. Clk.

BY THE COURT:

_Petrese B. Tucker_
Hon. Petrese B. Tucker, U.S.D.J.