ORIGINAL

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NORTHLAND INSURANCE COMPANY,          :

                Plaintiff,          :

                      :

    v.          : No. 1:01-CV-763

                      :

LINCOLN GENERAL INSURANCE COMPANY,          :
J.H.M. ENTERPRISES, INC., VERNICE L.          : __ANSWER TO COUNTER-CLAIM__
STATTS, ROBERT E. KRAPF and UTE L.          :
HETLAND CLARK, as Administrators of the          :
Estate of Karin Clifford and ROBERT E. KRAPF          :
and PATRICIA R. CLIFFORD, as Administrators          :
of the Estate of Robert R. Clifford, SHERRILL J.          :
MULLIGAN, DENIS A. MULLIGAN,          :

                    :

             Defendants.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FILED**
HARRISBURG, PA

SEP 27 2001

MARY E. D'ANDREA, CLERK
Per_____

      The plaintiff Northland Insurance Company ("Northland"), for its answer to the

counterclaim of Defendant Lincoln General Insurance Company ("Lincoln General") states:

As the counterclaim is dependent on the allegations contained in the cross-claims against J.H.M.

Enterprises Inc ("J.H.M.") and Vernice L. Statts ("Statts"), Northland responds to those

allegations as follows:

### PARTIES

1.      Admits the allegations contained in paragraph 1 of the cross-claim.

2.      Admit the allegations contained in paragraph 2 of the cross-claim.

3.      Admits the allegations contained in paragraph 3 of the cross-claim.

## JURISDICTION AND VENUE

4.      Admits the allegations contained in paragraph 4 of the cross-claim.

5.      Admits each and every allegation contained in paragraph 5 of the cross-claim.


## FACTUAL BACKGROUND

6.      No response required.

7.      Admits the allegations contained in paragraph 7 of the cross-claim except knowledge or information sufficient to form a belief as to whether the attached Exhibit A is a true and correct copy of the Lincoln General Policy.

8.      Admits the allegations contained in paragraph 8 of the cross-claim.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the cross-claim.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the cross-claim.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the cross-claim.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the cross-claim.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the cross-claim.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the cross-claim.

2

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the cross-claim.

16.     Denies the allegations contained in paragraph 16 of the cross-claim.

17.     Denies the allegations contained in paragraph 17 of the cross-claim.

18.     Denies the allegations contained in paragraph 18 of the cross-claim.

19.     Denies the allegations contained in paragraph 19 of the cross-claim.

20.     Denies the allegations contained in paragraph 20 of the cross-claim.

21.     Denies the allegations contained in paragraph 21 of the cross-claim except states that upon information and belief, on November 17, 1995 the tractor and trailer driven by Statts was involved in an accident in Pennsylvania.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the cross-claim except states that upon information and belief, on November 17, 1995 the tractor and trailer driven by Statts was involved in an accident with a vehicle operated by Robert Clifford and a vehicle operated by Sherill   Mulligan and that the accident resulted in the deaths of Karin Clifford and Robert Clifford.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the cross-claim except state that upon information and belief, as a result of the accident, Sherill Mulligan allegedly suffered personal injuries.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the cross-claim except state that upon information and belief, at the time of the accident Woolever's placards were affixed to the tractor.

25.     Admits the allegations contained in paragraph 25 of he complaint.

3

26.    Admits the allegations contained in paragraph 26 of he complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the cross-claim.

28.    Admits the allegations contained in paragraph 28 of he complaint.

29.    Admits that the Northland policy provides $2,000,000 in liability coverage but deny its applicability to the instant matter and refers to the policy itself for all its terms, conditions and provisions.

30.    Admits the allegations contained in paragraph 30 of he complaint.

31.    Denies allegations contained in paragraph 31 of he complaint.

32.    Denies the allegations contained in paragraph 32 of he complaint.

33.    Denies the allegations contained in paragraph 33 of he complaint.

34.    Denies the allegations contained in paragraph 34 of he complaint.

35.    Denies knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in paragraph 35 of the cross-claim, except state that upon information and belief, the Lincoln General policy provided primary coverage to JHM, Statts and Woolever.

36.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the cross-claim.

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the cross-claim.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the cross-claim.

4

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the cross-claim.

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the cross-claim.

41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the cross-claim.

42.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the cross-claim.

43.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the cross-claim.

44.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the cross-claim.

45.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the cross-claim, except refer to the to the transcripts of the depositions of Jay McCormick and Hazel Sinclair.

46.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the cross-claim, except refer to the to the transcripts of the depositions of Jay McCormick and Hazel Sinclair.

47.    Refer to the transcripts of the deposition of Hazel Sinclair.

48.    Admits that Northland received a copy of the Permanent Lease but denies knowledge or information sufficient to form a belief as to the further allegations contained in paragraph 48 of the cross-claim.

5

60.    Denies the allegations contained in paragraph 60 of the cross-claim as conjecture and speculation that are inappropriate for a pleading.

61.    Denies the allegations contained in paragraph 61 of the cross-claim.

62.    Denies the allegations contained in paragraph 62 of the cross-claim.

## COUNTERCLAIM AGAINST NORTHLAND

63.    Admits the allegations contained in paragraph 63 of the counter-claim.

64.    Admits the allegation contained in paragraph 64 of the counter-claim.

## JURISDICTION AND VENUE

65.    Admits the allegation contained in paragraph 65 of the counter-claim.

66.    Admits the allegation contained in paragraph 66 of the counter-claim.

## COUNT I

67.    In response to the allegations in paragraph 67, Northland repeats and re-alleges each and every response to the allegations set out in paragraphs 1 through 62 of the cross-claims.

68.    Denies the allegation contained in paragraph 68 of the counter-claim.

69.    Denies the allegations contained in paragraph 69 of the cross-claim.

## COUNT II

70.    In response to the allegations in paragraph 70, Northland repeats and re-alleges each and every response to the allegations set out in paragraphs 1 through 62 of the cross-claims.

71.    No response required.

72.    Admits the allegation contained in paragraph 72 of the counter-claim and refers to the policy itself for all its terms, conditions and provisions.

73.    Denies the allegation contained in paragraph 73 of the counter-claim as being out of context and refers to the policy itself for all its terms, conditions and provisions.

74.    Denies the allegation contained in paragraph 74 of the counter-claim.

75.    Denies the allegations contained in paragraph 75 of the counter-claim.

76.    Denies the allegation contained in paragraph 76 of the counter-claim as being out of context and refers to the policy itself for all its terms, conditions and provisions.

77.    Denies the allegation contained in paragraph 77 of the counter-claim.

78.    Denies the allegations contained in paragraph 78 of the counter-claim as being incomplete and out of context and refers to the policy itself for all its terms, conditions and provisions.

79.    Denies the allegations contained in paragraph 79 of the counter-claim as being incomplete and out of context and refers to the policy itself for all its terms, conditions and provisions.

80.    Denies the allegations contained in paragraph 80 of the counter-claim.

81.    Denies the allegation contained in paragraph 81 of the counter-claim.

93.    No response required.

94.    Admit that both policies contain apportionment provisions but deny their applicability to the instant matter and refers to the policy itself for all its terms, conditions and provisions.

95.    Denies the allegations contained in paragraph 95 of the counter-claim.

96.    Denies the allegations contained in paragraph 95 of the counter-claim.

97.    Denies the allegations contained in paragraph 97 of the counter-claim.

98.    Admit the allegations contained in paragraph 98 of the counter-claim.

99.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the counter-claim.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations that Lincoln General paid any sums to defend the Clifford and Mulligan actions.

101.    Denies the allegations contained in paragraph 101 of the counter-claim.

102.    Denies the allegations contained in paragraph 102 of the counter-claim.

103.    Denies the claim that Lincoln General is entitled to recover any sums from Northland.

<u>AFFIRMATIVE DEFENSES</u>

<u>FIRST AFFIRMATIVE DEFENSE</u>

104.    Lincoln General's counterclaim fails to state a cause of action against Northland.

## SECOND AFFIRMATIVE DEFENSE

105.    Lincoln General's counter-claim against Northland barred by the doctrine of "Accord and Satisfaction" in that the parties agreed to resolve that claims that are asserted herein.

## THIRD AFFIRMATIVE DEFENSE

106.    To the extent that Lincoln General's allegations of fraud and/or material misrepresentation by Woolever Brothers Transportation, Inc. and J.H.M. Enterprises, Inc. are true, then Lincoln General's claims against Northland are barred since Northland's policy provides no coverage in the case of fraud and/or material misrepresentation.


WHEREFORE, Plaintiff, Northland, demands judgment dismissing the counterclaim of defendant, Lincoln General Insurance Company, along with such other further relief as this Court may deem just and proper.

11

Dated:     September 24, 2001
             New York, New York

                              SCHINDEL, FARMAN & LIPSIUS LLP
                              Attorneys for Plaintiff Northland Insurance
                              Company

                              By:                                        
                                       Ira S. Lipsius (IL5704)
                              225 West 34th Street
                              New York, New York 10122
                              (212) 563-1710
                              File No. 2015.67

                              RUTHRAUFF & ARMBRUST, P.C.
                              1601 Market Street, 16th Floor
                              Philadelphia,  PA  19103
                              (215) 567-3700
                              Attorneys for Plaintiff Northland Insurance Co.

TO:    Jonathan H. Rudd, Esq.
        Attorney for Lincoln General
        100 Pine Street
        P.O. Box 1166
        Harrisburg, PA 17108-11661
        (717) 237-5405

        J.H. M. Enterprises, Inc.
        1200 Walmont Drive, N.W.
        Williamsport, PA 17701

        Vernice Lee Statts
        489 East Academy Street
        Hughesville, PA 17737-1805

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK             )
                                      ) ss.:

COUNTY OF NEW YORK       )

I, Kimberley Stanback, being duly sworn, states as follows: I am over 18 years of age, not a party

to the within action, and reside at 225 West 34th Street, New York, New York 10122. On

September 24, 2001, I served the within Answer to Counter-Claim upon the person(s) or parties

designated below by mailing a true and complete copy of same in a postage pre-paid envelope,

and depositing same in a post office or official depository of the United States Postal Service

within New York State, at the last known address of the addressee(s) as set forth herein.


TO:     Jonathan H. Rudd, Esq.
         Attorney for Lincoln General
         100 Pine Street
         P.O. Box 1166
         Harrisburg, PA 17108-11661

         J.H. M. Enterprises, Inc.
         1200 Walmont Drive, N.W.
         Williamsport, PA 17701

         Vernice Lee Statts
         489 East Academy Street
         Hughesville, PA 17737-1805

                                         Kimberley Stanback

Sworn to before me this
24th day of September, 2001

Notary Public