

ORIGINAL

10-3-01

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

NORTHLAND INSURANCE COMPANY,           :
    Plaintiff                                              :
                                         :
                                         :
       v.                              :     No. 1:01-CV-763
                                         :
LINCOLN GENERAL INSURANCE COMPANY, :
et al.,                                                            :
    Defendants                                           :

LINCOLN GENERAL INSURANCE COMPANY, :
    Third Party Plaintiff                              :
                                         :
       v                              :
                                         :
WOOLEVER BROTHERS TRANSPORTATION, :
INC.,                                                            :
    Third Party Defendant                           :

FILED
HARRISBURG

OCT 0 2 2001

MARY E. D'ANDREA, CLERK
Per
                 DEPUTY CLERK

### THIRD PARTY DEFENDANT, WOOLEVER BROTHERS TRANSPORTATION, INC.'S ANSWER WITH AFFIRMATIVE DEFENSES TO THE THIRD PARTY COMPLAINT OF LINCOLN GENERAL INSURANCE COMPANY AND COUNTERCLAIM AGAINST LINCOLN GENERAL INSURANCE COMPANY

AND NOW COMES, Third Party Defendant, Woolever Brothers Transportation, Inc.

("Woolever"), by and through the undersigned counsel, and makes the following answer

with affirmative defenses to the Third Party Complaint and Counterclaims against

Lincoln General Insurance Company as follows:

    1.      Admitted.

    2.      Admitted.

    3.      Admitted.

    4.      Admitted.

    5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Denied as stated.  It is specifically denied the attachment constitutes a

"permanent lease".  The remaining averments of paragraph 8 are admitted so

far as the document speaks for itself.

9.      Denied as stated.  The document speaks for itself.

10.     Denied as stated.  The document speaks for itself.

11.     Denied as stated.  The document speaks for itself.

12.     Admitted.

13.     Admitted.

14.     Denied as a legal conclusion to which the Rules do not require a specific

response.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Denied.  After reasonable investigation, answering Third Party Defendant is

without sufficient knowledge or information to form a belief to the truth of the

averments of paragraph 18 and same are therefore denied.  Strict proof thereof

is hereby demanded.  It is, however, alleged that Statts was driving either on

his own behalf or on behalf of JHM and not on behalf of Woolever at the time

the accident which is the subject matter of the within law suit occurred.

19.     Denied.  After reasonable investigation, answering Third Party Defendant is

without sufficient knowledge or information to form a belief to the truth of the

averments of paragraph 18 and same are therefore denied.  Strict proof thereof

is hereby demanded.  It is, however, alleged that Statts was driving either on

his own behalf or on behalf of JHM and not on behalf of Woolever at the time

the accident which is the subject matter of the within law suit occurred.

20.    Admitted.

21.    Admitted.

22.    Denied.  After reasonable investigation, answering Third Party Defendant is

       without sufficient knowledge or information to form a belief to the truth of the

       averments of paragraph 22 and same are therefore denied.  Strict proof thereof

       is hereby demanded.

23.    Admitted.

24.    Admitted.

25.    Admitted.

26.    Admitted.

27.    Admitted.

28.    Admitted.

29.    Admitted in part, denied in part.  It is admitted that Lincoln General and

       Northland settled the Clifford and Mulligan Actions.  It is denied that both

       entities reserved all rights seeking reimbursement pending a determination of

       the coverage issue involved in the case.  Responding Third Party Defendant is

       without sufficient knowledge or information to form a belief to the truth of the

       averments of paragraph 29 and same are therefore denied.  Strict proof thereof

is hereby demanded.   By way of further answer, no rights were preserved
against Third Part Defendant, Woolever.

30.     Woolever hereby incorporates by reference paragraphs 1 – 29 above as
though same were set forth herein at length.

31.     Denied as stated.  The policy speaks for itself.

32.     Denied as a conclusion of law which requires no response. By way of further
answer, it is denied that at the time of the accident which forms the subject
matter of the within suit, that Statts was working for Woolever.  To the
contrary, Statts was working either for himself or for JHM.

33.     Admitted.

34.     Denied as stated.  While it is admitted that a trip lease was provided to
Lincoln General, it is denied that JHM and Woolever provided such trip lease
to Lincoln General.

35.     Denied as stated.  The trip lease speaks for itself.

36.     Admitted.

37.     Admitted.

38.     Denied as stated.  The trip lease referred to in paragraph 38 is a document
which speaks for itself.

39.     Admitted.

40.     Admitted.

41.     Denied.

42.     Denied as stated.  The testimony speaks for itself.

43.     Denied as stated.  The testimony speaks for itself.

44.    Admitted.

45.    Denied as stated.  The characterization of the lease as being a "permanent lease" is specifically denied.  It is admitted that Hazel Sinclair faxed a copy of the aforementioned lease to Northland Insurance Company, the day of the accident.

46.    Denied as stated.  While it is admitted the document was not executed on the date contained therein, it is alleged that the contents of the document with respect to the description of the relationship between JHM and Woolever, as well as the timing of the trip lease are accurate.

47.    Denied as to the characterization of statements being made.  The trip lease speaks for itself.

48.    Denied as to the characterization of statements being made.  The trip lease speaks for itself.

49.    Denied.  It is specifically denied that Woolever attempted to deceive Lincoln General in any matter.  To the contrary, the tripe lease referred to in paragraph 49 of Lincoln General's Third Party Complaint accurately set forth the true facts describing the relationship between JHM and Woolever, as well as, the time the trip lease was to be considered in effect.  It is further specifically denied that any "permanent lease" was in effect at the time of the accident, or that Woolever was required to provide liability coverage for the tractor at the time of the accident.  To the contrary, at the time of the accident, the tractor was being used on behalf and for JHM or Stratts and not on behalf of or for

Woolever. Therefore, under any of the trip leases, Woolever was not required to provide liability insurance for the tractor.

50.    Denied. It is specifically denied that Woolever calculated any plans to deceive anyone regarding the nature of the lease of the tractor. Nor was there an attempt to impose on Lincoln General, primary liability coverage when it appropriately belonged to Northland. To the contrary, because the tractor was being used on behalf of JHM or Stratts at the time of the accident, Lincoln General is the appropriate primary liability carrier.

51.    Denied. It is specifically denied that Woolever committed a fraud against Lincoln General, that it intentionally concealed and/or misrepresented material facts concerning its interest in the tractor and the claim for the accident. To the contrary, those allegations are completely false and Woolever acted appropriately at all times.

52.    Denied. It is specifically denied that any "permanent lease" exists and further that the identity of said "permanent lease" was a material fact involving any claims for coverage under the Lincoln General policy.

53.    Denied. It is specifically denied Woolever intentionally concealed the existence of a "permanent lease" in an attempt to impose on Lincoln General, primary liability coverage for the accident, when it appropriately belonged to Northland. To the contrary, because the tractor was not being used on Woolever's behalf at the time of the accident, primary liability coverage properly belonged to Lincoln General.

54. Denied. Woolever was not contractually obligated in accordance with the terms of any leases to furnish and pay the costs of public liability, property damage and cargo insurance upon the tractor because the tractor was not being used on Woolever's behalf at the time of the accident.

55. Denied. It is specifically denied that Woolever developed or calculated any plans to shift responsibility for the accident to JHM's insurance carrier. To the contrary, because the tractor was not being used on Woolever's behalf at the time of the accident, Lincoln General appropriately provided primary coverage.

56. Denied. The averments of paragraph 56 are addressed or relate to parties over whom responding Third Party Defendant has no control.

57. Denied. The allegations of deception, fraud, misrepresentation, attempts to manipulate insurance coverage and the existence of a "permanent lease" are all specifically denied. To the contrary, there was no fraud, misrepresentation, failures to disclose anything material nor any attempts to manipulate insurance coverage. Further, Lincoln General properly provided insurance coverage to its insured, since it was operating on its own behalf at the time of the accident which forms the subject matter of the within Complaint.

58. Denied. It is specifically denied any liability coverage is void and it is further denied that there exists any fraud, intentional concealment or misrepresentation of material facts on the part of Woolever. To the contrary,

there was no fraud, intentional concealment or misrepresentation of any

material facts committed by Woolever.

WHEREFORE, Woolever Brothers Transportation, Inc., respectfully requests

that this Court enter judgment in its favor, dismiss it from suit and deny all of the

relief requested by Lincoln general with respect to the averments of its

Complaint.

59.    Woolever herby incorporates by reference paragraphs 1 – 58 above as though

same were set forth herein at length.

60.    Denied.  The policy speaks for itself.  By way of further answer, paragraph 5

of the aforementioned policy provides that "if a person or organization for

whom we may make payments under this coverage form has rights to recover

damages from another, those rights are transferred to us.  That person or

organization must do everything necessary to secure our rights and must do

nothing after accident or loss to impair them".  It is averred that the

aforementioned provision does not transfer any rights JHM may have had

against Woolever to Lincoln General.

61.    Denied as stated.  It is specifically denied that there exists any lease known as

"permanent lease".  It is admitted, however, that pursuant to any lease

agreements, Woolever  would furnish liability coverage while the tractor was

being operated for services of Woolever.   However, at the time of the

accident which is the subject matter of the within Complaint, the tractor was

being operated on behalf of Woolever, and thus it was not required to provide

any primary liability coverage.

62.    Denied.  After reasonable investigation, responding Third Party Defendant does not have sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 62 of the Complaint, and same are therefore denied.  By way of further answer, Woolever has no knowledge with respect to what Northland may have claimed in its dealings with Lincoln General.

63.    Denied.  The averments of paragraph 63 are conclusions of law which require no response.  Same are therefore denied and strict proof thereof is hereby demanded.  To the extent a response is deemed required, it is specifically denied that Woolever has any liability whatsoever to Lincoln General.

64.    Denied.  The existence of any lease known as the  "permanent lease" is denied.  It is further alleged that Woolever did provide liability coverage on the tractor as required, while the tractor was being used on the business of Woolever.  However, at the time of the accident which forms the subject matter of the within Complaint, the tractor was not being used on behalf of Woolever.

65.    Denied.  The averments of paragraph 65 are conclusions of law which require no response.  Same are therefore denied and strict proof thereof is hereby demanded.  By way of further answer, it is denied Northland's coverage would be primary since the tractor in question was not being used on the business of Woolever at the time of the accident.

66.    Denied.  The averments of paragraph 66 are conclusions of law which require no response.  Same are therefore denied and strict proof thereof is hereby

demanded. By way of further answer, it is denied Northland's coverage

would be primary since the tractor in question was not being used on the

business of Woolever at the time of the accident.

67.     Denied. All allegations of any breach of any so-called "permanent leases" on

behalf of Woolever are specifically denied. To the contrary, there is no

document known as the "permanent lease", and Woolever did not breach any

agreement whatsoever. All claims for damages are hereby denied.

68.     Denied. All allegations of any breach of any so-called "permanent leases" on

behalf of Woolever are specifically denied. To the contrary, there is no

document known as the "permanent lease", and Woolever did not breach any

agreement whatsoever. All claims for damages are hereby denied.

69.     Denied. It is specifically denied that Lincoln General has any of the rights

JHM may have had against Woolever or that Lincoln General is a transferee

of any rights JHM may have had against Woolever. It is further denied that

Lincoln General is entitled to recover from Woolever, any monies as a result

of failure to provide insurance coverage for the tractor in question. By way of

further answer, it is denied that there is any document which is known as the

"permanent lease" and it is further denied that Woolever was obligated to

provide primary coverage for the loss which forms the subject matter of the

within Complaint. The tractor was not being used on behalf of Woolever at

the time of the accident.

WHEREFORE, Woolever Brothers Transportation, Inc., respectfully requests that this Court enter judgment in its favor, and that the allegations of Lincoln general be dismissed.

## FIRST AFFIRMATIVE DEFENSE

At the time of the accident which forms the subject matter of the within Complaint, the tractor was under the exclusive possession, control and use of JHM or the driver Stratts, and was not being used on behalf of Woolever. At the time of the accident, the tractor was not under lease to Woolever since any leases which may have existed ended as soon as Stratts completed delivery of Woolever's load. As a result, the tractor was being operated on behalf of JHM or Stratts, but under no circumstances, and nor has any party claimed, the tractor was being used on behalf of Woolever at the time of the accident. Accordingly, Northland, Woolever's insurer, would provide only secondary coverage for the claims arising out of the accident and Lincoln General would provide primary coverage to JHM, Woolever and/or Statts.

## SECOND AFFIRMATIVE DEFENSE

In the event liability were found upon Woolever for the acts alleged in the Third Party Complaint, it is hereby alleged that any rights should be deemed waived. Lincoln General knew about both alleged trip leases well in advance of it settling the underlying cases. Lincoln General took it upon itself with knowledge of those leases, and the issues raised in the Third Party Complaint to settle the underlying claims. Lincoln General did not issue a waiver or reservation of rights letter to Woolever or JHM and thus, by settling the underlying lawsuits, Lincoln General has waived any rights it might have had against Woolever.

## THIRD AFFIRMATIVE DEFENSE

At the time of the aforementioned accident which forms the subject matter of the within suit, the tractor was not being used on Woolever's business, and thus, the facts which are contained in the trip lease which was prepared the day after the accident, were drawn up to show the true and accurate facts as they existed between the parties prior to the accident. Accordingly, there would be no cause of action against Woolever because JHM and the driver, Statts, were not operating on behalf of Woolever at the time of the accident. Accordingly, there was no obligation to provide any insurance at the time of the actual accident. It remains undisputed that at the time of the actual accident, the driver was acting on behalf of JHM or himself, not Woolever, since the load for Woolever had already been dropped off.

## FOURTH AFFIRMATIVE DEFENSE

The Third Party Complaint fails to state a cause of action for fraud, misrepresentation or any intentional misconduct on the part of Woolever. To the contrary, the trip lease which was prepared after the accident, merely set forth the true and actual facts regarding the relationship between the parties and those facts remain undisputed.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Woolever through its prior counsel, Louis Bricklin, Esquire, made numerous requests for Lincoln General's position with respect to coverage prior to the underlying cases being settled. Lincoln General never responded to numerous requests, yet now sees fit to then sue Woolever. Such action constitutes bad faith, and violates of the Pennsylvania Unfair Insurance Practices Act and Consumer Protection Laws.

## COUNTERCLAIM

Woolever hereby incorporates by reference paragraphs 1 – 69, and its affirmative defenses as though same were set forth herein at length.

70.    Woolever, by and through its prior counsel, Louis Bricklin, Esquire, made numerous attempts to learn Lincoln General's position on coverage prior to the underlying case being settled. Despite repeated requests, Lincoln General never responded. Lincoln General has now taken it upon itself to sue Woolever for potential claims of which it was aware prior to settling the Third Party Action. Rather than advising Woolever of its disputes regarding coverage prior to settling the Third Party underlying claim, Lincoln General,

acting in its own interests and in complete bad faith toward its insured, has

now sued Woolever without reserving any of its rights pursuant to issuing any

waivers or reservation of rights.

71.    Lincoln General has averred the Woolever qualifies as an insured pursuant to

the policy which was attached as Exhibit "A" to Lincoln General's Answer

with Affirmative Defenses to the Complaint and Crossclaim against JHM

Enterprises, Inc. and Vernice L. Statts and Counterclaim against Northland

Insurance Company.

72.    As an insurer, Lincoln General owed and continues to owe a duty to act in the

best interests of its insured, including Woolever, and to at all times material

hereto, act in good faith toward its insured.

73.    In the Third Party Complaint filed against Woolever, Lincoln General has

made a number of unfounded and incorrect allegations against its insured,

Woolever, including that Woolever acted fraudulently, that Woolever

misrepresented material facts, that Woolever intentionally concealed the

existence of documents, that Woolever developed a calculated plan to shift

responsibility for the underlying accident to Lincoln General, that Woolever

attempted to manipulate insurance coverage, all of which are completely false

and unproven.  The aforementioned allegations against Woolever by Lincoln

General constitute bad faith conduct on the behalf of the insurer toward its

insured.  Further these allegations constitute slander, libel and defamatory

conduct, all of which are recoverable for damages under Pennsylvania and

Federal Law.

74.   Lincoln General has not set forth any evidence to prove deception, fraud, misrepresentation of material facts, deceit or any of the other allegations contained in the Third Party Complaint, all of which are known to be false by Lincoln General, all of which damage the reputation, character and public image of Woolever.

75.   The aforementioned actions of Lincoln General constitute bad faith conduct toward its insured, Woolever, for which Woolever seeks damages, including punitive damages.

76.   Lincoln General is fully aware that under either the document it calls the "permanent lease" or the document called the "trip lease" which was prepared the day after the accident, that Woolever is not required to provide primary liability coverage for the accident since it remains undisputed that at the time of the accident which was the subject matter of the underlying claims, the tractor was being used on behalf of JHM or Statts, and not on behalf of Woolever's business.  Accordingly, because there was no document which controlled the relationship between the parties at the moment the accident occurred, primary liability insurance properly rested with Lincoln General for its insureds JHM and Statts.  Lincoln General's attempt to shift responsibility to Woolever is further evidence of the bad faith conduct on the part of Lincoln General toward its insured, Woolever, for which damages are hereby claimed, including compensatory damages, punitive damages, interest, costs and attorney's fees.

77.    In its response to the Complaint of Northland Insurance Company, and in its

Counterclaim, Lincoln General made false, defamatory and incorrect

allegations against Woolever, all of which constitute defamation, libel,

slander and further evidence of bad faith on behalf of an insurer to its insured.

As a result, Woolever seeks damages against Lincoln General for

compensatory damages, punitive damages, interest, costs, attorney's fees and

other damages this Court deems appropriate.

WHEREFORE, Woolever respectfully requests this Court enter judgment against

Lincoln General for defamation, slander, libel and bad faith in accordance with

Pennsylvania and Federal laws prohibiting such conduct and enter judgment in favor of

Woolever for compensatory damages, punitive damages, interest, costs, attorney's fees

and any other relief this Court deems appropriate.

Respectfully submitted,
LAW OFFICES OF ANDREW R. SPIEGEL

BY: _____
ANDREW R. SPIEGEL, ESQUIRE
ATTORNEY FOR WOOLEVER

10/1/01

*Andrew Spiegel, Esq.*
*3901 A Main Street*
*2nd Floor*
*Philadelphia, PA 19127*
*(215) 483-9800*

*per Beth Carter w/*
*Bennett, Bricklin & Saltzburg*