ORIGINAL

⑰
11-2-01
sc

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTHLAND INSURANCE COMPANY,<br>Plaintiff | : |
| v. | : No. 1:01-CV-763<br>Kane — |
| LINCOLN GENERAL INSURANCE COMPANY,<br>J.H.M. ENTERPRISES, INC., VERNICE<br>L. STATTS, ROBERT E. KRAPF and<br>UTE L. HETLAND CLARK, as<br>Administrators of the Estate of Karin Clifford<br>ROBERT E. KRAPF and PATRICIA R.<br>CLIFFORD, as Administrators of the Estate of<br>Robert R. Clifford, SHERRILL J. MULLIGAN,<br>DENIS A MULLIGAN,<br>Defendants | : |
| LINCOLN GENERAL INSURANCE COMPANY,<br>Third Party Plaintiff | : |
| v. | : |
| WOOLEVER BROTHERS TRANSPORTATION<br>INC.<br>Third Party Defendant | : (JUDGE KANE) |

FILED
HARRISBURG

NOV 0 1 2001

MARY E. D'ANDREA, CLERK
Per_____
    DEPUTY CLERK

**DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S REPLY TO
THIRD PARTY DEFENDANT WOOLEVER BROTHERS TRANSPORTATION, INC.'S
COUNTERCLAIM, TOGETHER WITH AFFIRMATIVE DEFENSES**

Lincoln General Insurance Company ("Lincoln General") incorporates herein by reference paragraphs 1-69 of the Third Party Complaint.

70. Denied. Lincoln General at all times informed Woolever's counsel that it believed Northland Insurance Company maintained primary coverage responsibility for the claims

asserted in the underlying actions. Woolever was, or should have been, well aware of the coverage issues involved in this matter prior to the settlement of the underlying actions. Lincoln General denies that it had any duty to send Woolever a reservation of rights letter. Lincoln General denies that it acted in complete bad faith toward Woolever. To the contrary, Lincoln General acted in good faith by agreeing to contribute 50% of the settlement amount in order to extinguish any further liability of the underlying defendants to the underlying plaintiffs.

71.  Admitted that Lincoln General has averred that Woolever qualifies as an insured under Lincoln General's policy since Woolever admitted it was liable for Statts' conduct, and since Statts qualifies as an insured, Woolever qualifies as an insured since the policy defines an insured as anyone who is liable for the conduct of an insured.

72.  Denied. This paragraph states a conclusion of law which requires no response. To the extent a response is required, it is denied that Lincoln General continues to owe a duty to act in the best interests of Woolever. It is further denied that Lincoln General had any duty to act in the best interests of Woolever in the handling of the underlying actions since Woolever's position was adverse to that of JHM, who was the named insured under the Lincoln General policy. Woolever was being defended by Northland, and at no time was relying on Lincoln General to defend it in the underlying actions.

73.  Denied. This paragraph states legal conclusions which require no response. To the extent a response is required, it is denied that Lincoln General has made any unfounded and incorrect allegations against Woolever, or that Lincoln General has made any false statements against Woolever, or that Lincoln General has made any statements that would constitute slander, libel and defamatory conduct toward Woolever. The allegations set forth in Lincoln General's Third Party Complaint against Woolever are true and correct.

74. Denied. This paragraph states a conclusion of law which requires no response. To the extent a response is required, it is denied that Lincoln General has not pled facts sufficient to prove deception, fraud, misrepresentation of material facts, deceit or the other allegations contained in the Third Party Complaint. Initially, Lincoln General is not required to set forth evidence in a pleading, but simply allege facts that it will subsequently prove. As set forth in the Third Party Complaint, it is undisputed that Woolever did not prepare the trip lease until after the accident, despite that the trip lease represents that it was prepared before the accident and that a detailed inspection was conducted of the vehicle before the accident. It is further undisputed that Woolever and its counsel represented to the other parties in the litigation that the trip lease was in effect at the time of the accident, and failed to disclose the existence of the permanent lease which was in effect at the time of the accident. As is apparent from Woolever's and Northland's continued reliance on the fraudulent trip lease, it is apparent that the intent of preparing the trip lease and deceiving Lincoln General into believing that the trip lease was the operative document at the time of the accident was to shift responsibility for the accident onto Lincoln General. Lincoln General's policy clearly states that its coverage is excess for any auto which is hired or borrowed from JHM by another trucker. Accordingly, the existence of the permanent lease automatically makes Lincoln General's policy excess coverage. Woolever and Northland were undoubtedly well aware of this standard other insurance provision, and attempted to impose primary liability upon Lincoln General by making it appear as if the vehicle was not under lease at the time of the accident. Regardless of whether the vehicle was being used exclusively in Woolever's business at the time of the accident, it clearly was under lease and Woolever and/or Northland misrepresented this fact to Lincoln General.

3

75. Denied. This paragraph states a conclusion of law which requires no response. To the extent a response is required, it is denied that Lincoln General has acted in bad faith toward Woolever. Woolever committed a fraud against Lincoln General, and has only itself to blame for its current predicament.

76. Denied. This paragraph states a conclusion of law which requires no response. To the extent a response is required, the allegation in this paragraph is denied. Lincoln General denies that under the permanent lease Woolever is not required to provide primary liability coverage. Lincoln General denies that it is undisputed that at the time of the accident the tractor was not being used on Woolever's behalf. It is undisputed that the load hauled and delivered to Ephrata, Pennsylvania was a Woolever load, and it is undisputed that the tractor was still pulling the trailer used to deliver the Woolever load. It is also undisputed that a different trailer was going to be used to haul any further load, regardless of who the load was to be hauled for, when the tractor arrived at its destination point. Accordingly, the tractor was being used to transport the trailer used by Woolever at the time of the accident. Further, since Woolever and JHM have previously lied to Lincoln General, Lincoln General has no confidence that they are telling the truth with respect to what Statts was going to do when he arrived in Berwick, PA. It is further denied that there was no document which controlled the relationship between Woolever and JHM at the time of the accident. To the contrary, there was a permanent lease which was still in effect at the time of the accident, which provided Woolever with exclusive possession, control and use of the tractor. Lincoln General's primary claim in this matter is not that Woolever is liable to provide coverage for the accident, but that Northland is responsible to provide coverage for the accident. However, to the extent Northland is determined not to be responsible to provide coverage for the accident as demanded by Lincoln General, then it is because of Woolever's

conduct in not procuring the proper coverages. In that situation, Woolever should be responsible to provide the coverage that it was contractually required to purchase. Lincoln General denies that its claims against Woolever are asserted in bad faith.

77.   Denied. This paragraph states a conclusion of law which requires no response. To the extent a response is required, it is denied that Lincoln General has made any false, defamatory and incorrect allegations against Woolever. It is denied that Lincoln General has engaged in any conduct which would constitute defamation, liable, slander or bad faith conduct toward Woolever.

## FIRST AFFIRMATIVE DEFENSE

Woolever is barred from pursuing an insurance bad faith claim against Lincoln General for conduct which has incurred in the course of this litigation.

## SECOND AFFIRMATIVE DEFENSE

All of the allegations made against Woolever are true, which is an absolute defense to Woolever's claims for defamation, libel and slander.

## THIRD AFFIRMATIVE DEFENSE

Lincoln General's allegations against Woolever were made in the context of litigation, which operates as an absolute privilege and defense against Woolever's claims for defamation, libel and slander.

## FOURTH AFFIRMATIVE DEFENSE

Woolever has unclean hands as a result of the fraudulent and other conduct alleged in the Third Party Complaint. Woolever is barred from pursuing any claim against Lincoln General for bad faith or defamation, libel or slander as a result of its own unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Woolever should be estopped from pursuing any claim against Lincoln General for bad faith, defamation, libel or slander as a result of its fraudulent and other improper conduct described in the Third Party Complaint.

WHEREFORE, Lincoln General Insurance Company demands that Woolever Brothers Transportation, Inc.'s counterclaim be dismissed and judgment be entered in favor of Lincoln General Insurance Company against Woolever Brothers Transportation, Inc. on its counterclaims and in favor of Lincoln General Insurance Company and against Woolever Brothers Transportation, Inc. on the claims asserted in the third party complaint.

Respectfully submitted,

By: _____
Jonathan H. Rudd, Esquire
McNees Wallace & Nurick LLC
100 Pine Street
P.O. Box 1166
Harrisburg, PA  17108-1166
(717) 237-5405
Attorneys for Defendant Lincoln General Insurance Company

Date: __11\1__, 2001

6

## CERTIFICATE OF SERVICE

I, Jonathan H. Rudd, Esquire, hereby certify that on this 1st day of November, 2001, a true and correct copy of the foregoing document was served by first-class, United States mail, postage prepaid, upon the following:

David Ira Rosenbaum, Esq.
Klett Rooney Lieber & Schorling P.C.
Two Logan Square, 12th Floor
Philadelphia, PA 19103-2756

Andrew R. Spiegel, Esquire
3901-A Main Street, 2nd Floor
Philadelphia, P'A 19127

J.H.M. Enterprises, Inc.
1200 Walmont Drive, N.W.
Williamsport, PA 17701

Vernice Lee Statts
489 East Academy Street
Hughesville, PA 17737-1805

_____
Jonathan H. Rudd