2 Ct

● **ORIGINAL** ●

(18)
12/4/01
nfy

David Ira Rosenbaum, Esquire
Identification No. 52859
Klett Rooney Lieber & Schorling
Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103

Ira Lipsius, Esquire
Admitted Pro Hac Vice
Schindel, Farman & Lipsius
225 West 34th Street                    Attorneys for Plaintiff
New York, NY 10122                      Northland Insurance Company


Jonathan H. Rudd, Esquire
Identification No.
MCNEES, WALLACE &
            NURICK
100 Pine Street
P.O. Box 1166                           Attorneys for Defendant
Harrisburg, PA 17108                    Lincoln Insurance Company

Andrew R. Spiegel, Esquire
Identification No.
LAW OFFICES OF ANDREW
        R. SPEIGEL                      Attorneys for Third Party
3901 - A Main Street, 2nd Fl.           Defendant Woolover Brothers
Philadelphia, PA 19127                  Transportation, Inc.

**FILED**
HARRISBURG, PA

DEC 03 2001

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

------------------------------------

NORTHLAND INSURANCE         :
COMPANY,                    :
                            :
                            :
              Plaintiff,    :
                            :
    v.                      : No. 1:01-CV-763
                            :
                            : J. Kane
LINCOLN GENERAL             :
INSURANCE COMPANY,   J.H.M. :
ENTERPRISES, INC., VERNICE  :

KRLSPHI:153879.1

```
L. STATTS, ROBERT E. KRAPF              :
and UTE L. HETLAND CLARK,               :
as Administrators of the Estate of      :
Karin Clifford and ROBERT E.            :
KRAPF       and PATRICIA R.             :
CLIFFORD, as Administrators             :
of the Estate of Robert R. Clifford,    :
SHERRILL J. MULLIGAN, DENIS             :
A. MULLIGAN,                            :
                                        :
                    Defendants.         :
```
-----------------------------------

### JOINT CASE MANAGEMENT PLAN

<u>Instructions</u>: In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall set be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

(Revised 4/97)

KRLSPHI:153879.1

1.  **Principal Issues**

    1.10 Separately for each party, please give a statement summarizing this case:

    By Plaintiff Northland Insurance Company:

    On November 17, 1995 a J.H.M. Enterprises Inc. ("JHM") employee Vernice Statts "Statts") while driving a 1979 Freightliner ("the Tractor") and a 1980 Great Dane Trailer ("the Trailer"), dropped of a load at 8 A.M. in Ephrata, Pennsylvania. This initial load was delivered on behalf of Woolever Brothers Trucking ("Woolever"). Statts was then dispatched by JHM to pick up a load on behalf of JHM. While under dispatch to JHM, the Statts was involved in an accident ("the Accident"). At the time of the Accident, the Tractor and Trailer were owned by Jay McCormick of JHM. As a result of the accident, two individuals were killed and one seriously injured.

    Northland and Lincoln General issued policies utilizing ISO form CA 00 12 12 93. The Lincoln policy provides coverage for specified vehicles and hired autos. The Tractor and Trailer were specified vehicles under the Lincoln policy and are therefore covered autos.

    The Northland policy provides coverage for owned autos but does not include hired auto coverage. Since the Tractor and Trailer were owned by JHM, they are not "covered autos" under the Northland policy. It is therefore Northland's position that its policy does not provide coverage to the Tractor or Trailer in this case.

    Additionally, it is Northland's position that even if coverage were available under its policy for the Tractor or Trailer, any coverage afforded under its policy would be excess to the coverage provided by Lincoln. At the time of the Accident, Statts was driving the Tractor and Trailer to pick up a load for JHM. As such, since the Tractor and Trailer were not hired by Woolever at the time of the Accident, Lincoln's policy is primary pursuant to its terms.

Separately, subsequent to the institution of this action, Northland and Lincoln agreed through there representatives to settle this action. However, Lincoln thereafter failed and refused to abide by that settlement agreement. It is Northland's position that Lincoln is bound by that prior settlement agreement.

To date, Northland has expended more than $65,629.59 defending Woolever and contributed $675,000 to settling the underlying actions.

Finally, Lincoln claims that its policy does not provide coverage because of fraudulent conduct by Woolever. Without addressing the merits of the claim of fraud, it is Northland's position that if Lincoln's claim of fraud is true, then Lincoln's claims against Northland are barred since Northland's policy provides no coverage in the event of fraud.

Northland seeks a declaration that Lincoln is bound by the settlement agreement previously reached in this matter. In the alternative, Northland seeks a declaration that: Lincoln provides coverage for JHM, Statts and Woolever; any coverage obligation of Northland is excess of Lincoln's and not triggered until Lincoln's policy limits have been exhausted, and; Northland is entitled to be reimbursed for all costs expended in defending the underlying actions.

By defendant Lincoln General Insurance Company:

Lincoln General provided trucking liability insurance to JHM Enterprises and Northland provided trucking liability insurance to Woolever Brothers. Vernice Statts was a driver for JHM. JHM leased a truck to Woolever Brothers. On the morning of November 17, 1995, Statts was involved in an accident while driving a truck leased to Woolever. Two people were killed in the accident, and one was seriously injured. Two wrongful death/personal injury lawsuits were filed against JHM, Woolever and Statts. Lincoln General and Northland disputed who was responsible to defend JHM, Woolever and Statts. Lincoln General defended JHM and Statts, and

Northland defended Woolever. Lincoln General and Northland eventually agreed to each contribute $675,000 to a global settlement of all the claims arising out of the accident, and then litigate between themselves who was primarily responsible to provide coverage to the responsible parties. It is Lincoln General's position that Northland provides primary coverage since the truck was under lease to Woolever at the time of the accident and the Lincoln General policy provides that if the truck is under lease to a trucker, the insurance company for the trucker is primary and Lincoln General is excess. Further, it is Lincoln General's position that it provides no coverage for the claims arising out of the accident since JHM and Woolever committed a fraud upon Lincoln General by misrepresenting that the truck was subject to a trip lease which expired a couple of hours before the accident. Lincoln General did not learn until two years after the accident that Woolever and JHM had falsified a trip lease after the accident which they had back-dated to make it appear as if it had been entered into and ended before the accident. In truth, the truck was subject to a permanent lease at the time of the accident which had not been terminated. Woolever's and JHM's misrepresentation was material since it has a significant impact on which insurance company is primary. If the truck was subject to an expired trip lease at the time of the accident, then the Lincoln General policy would be primary, whereas if the truck was subject to a lease still in effect at the time of the accident, Northland is primary. Lincoln General believes that Woolever and JHM were attempting to shift primary liability to Lincoln General so that the accident would not have as much of an effect on Woolever's insurance rates since it was planning to stay in business, and JHM was planning to relinquish its operating authority and lease all of its trucks to Woolever, and would no longer need trucking insurance. Shortly after the accident, Woolever and JHM finalized their plan when JHM relinquished its operating authority, dropped its trucking insurance, and leased all of its trucks on

to Woolever. If Northland is primary and Lincoln General is excess, then Northland must reimburse Lincoln General approximately $766,000. At a minimum, Lincoln General and Northland bear responsibility on an equal basis, either primary or excess. In accordance with the "Other Insurance" clause in both policies, where the two companies bear responsibility on an equal basis, either primary or excess, the two companies must share in the loss on a pro rate basis determined by ration of the individual limits of coverage to the total available coverage. Lincoln General provided $750,000 and Northland provided $2,000,000 in coverage. Accordingly, Lincoln General would bear only 27.27% of the total defense and indemnity payments. Since Lincoln General paid in excess of 50% of the total defense and indemnity payments, if the insurance companies are determined to bear responsibility on an equal basis, then Northland must reimburse Lincoln General approximately $359,000.

<u>By Additional Defendant Woolover Brothers Transportation</u>

On November 17, 1995, a J.H.M. Enterprises Inc. ("JHM") employee, Vernice Statts "Statts"), while driving a 1979 Freightliner ("the Tractor") and a 1980 Great Dane Trailer ("the Trailer"), dropped of a load at 8 A.M. in Ephrata, Pennsylvania. This initial load was delivered on behalf of Woolever Brothers Trucking ("Woolever"). Statts was then dispatched by JHM to pick up a load on behalf of JHM. While under dispatch to JHM, Statts was involved in an accident ("the Accident"). At the time of the Accident, the Tractor and Trailer were owned by Jay McCormick of JHM. As a result of the accident, two individuals were killed and one seriously injured.

Northland and Lincoln General issued insurance policies to Woolever and JHM respectively. The companies settled the underlying cases and now dispute who is primary. At the time of the Accident, Statts was driving the Tractor and Trailer to pick up a load for JHM. As such, since the Tractor and Trailer were not hired by Woolever at the time of the Accident, Lincoln's policy

is primary pursuant to its terms. It is Woolever's position that it should not be a party to this litigation, that Lincoln General has no standing to sue Woolever, that Lincoln General has waived any rights it might have had and that it has acted in bad faith toward Woolever.

Lincoln has counterclaimed that its policy does not provide coverage because of fraudulent conduct by Woolever. This allegation is adamantly denied. The trip lease prepared after the accident was simply an accurate recital of the true facts; that Statts was driving on behalf of JHM and NOT Woolever.

Woolever seeks dismissal from this litigation as well as damages against Lincoln for its bad faith conduct.

The principal <u>factual</u> issues that the parties

<u>dispute</u> are:

1.11 *Whether there was a prior agreement to settle this case between Lincoln and Northland?*

1.12 *Whether Lincoln's agent was authorized to enter into a settlement?*

1.13 *Whether the tractor/trailer was making a pickup/delivery fore JHM or Woolever at the time of the accident?*

1.14 *Whether there was a lease in effect between JHM and Woolever at the time of the accident?*

1.15 *Whether the actions of Woolever and JHM were intended to defraud the insurers?*

<u>agree</u> upon are:

1.20

1.21

1.22

1.30  The principal <u>legal</u> issues that the parties <u>dispute</u> are:

    1.31  *Whether there was a binding settlement agreement between Northland and Lincoln?*

    1.32  *Whether the Lincoln and/or Northland policies provide coverage to JHM, Statts or Woolever?*

    1.33  *If both policies provide coverage, do they provide coverage on a primary or excess basis?*

    1.34  *Whether Lincoln and/or Northland can void their coverage based upon concealment misrepresentation or fraud by the insureds?*

    1.35  *Whether Lincoln General has standing to sue Woolever?*

    1.36  *Whether Lincoln General's actions toward Woolever constitute bad faith?*

    1.37  *Whether Lincoln General waived its rights to sue Woolever?*

<u>agree</u> upon are:

1.40

1.41

1.42

1.50  Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

*NONE*

1.60  Identify any named parties that have not yet been served:

*NONE*

1.70  Identify any additional parties that:

plaintiff(s) intends to join: *NONE presently known.*

Parties agree to discontinue the claims against ROBERT E. KRAPF and UTE L. HETLAND CLARK, as Administrators of the Estate of Karin Clifford and ROBERT E. KRAPF and PATRICIA R. CLIFFORD, as Administrators of the Estate of Robert R. Clifford, SHERRILL J. MULLIGAN, DENIS A. MULLIGAN.

defendant(s) intends to join:

1.80  Identify any additional claims that:

plaintiff(s) intends to add: *NONE presently known.*  Plaintiff intends to file a Motion to Enforce the Settlement.

defendant(s) intends to add: *NONE presently known.*

## 2.0 Alternative Dispute Resolution ("ADR")

2.10  Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure_____*NONE*_____

Date ADR to be commenced_____
Date ADR to be completed_____

2.20  If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

2.30  If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

*Primary Legal Issues for the Court.*

**3.0** **Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: __ Y  _X_ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

    ___ Scranton
    ___ Wilkes-Barre
    ___ Harrisburg

4.0 **Disclosures**

    4.100  Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

    4.101  Disclosed by <u>Woolever</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| 4.102 <u>Lauree Bowes</u> | <u>Director of Safety and Human Resources</u> |
| 4.103 <u>Louis Bricklin, Esquire</u> | <u>Former Counsel for Woolever</u> |
| 4.104 <u>Harold Sinclair</u> | <u>Owner/Woolever</u> |
| 4.105 _____ | _____ |

    4.151  Disclosed by <u>Lincoln</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| 4.152 <u>Diane Hughes</u> | <u>Susquehanna Insurance Associates</u> |
| 4.153 <u>Judy Maust</u> | <u>Susquehanna Insurance Associates</u> |
| 4.154 <u>Jim Brandt</u> | <u>King American, Ltd</u> |
| 4.155 <u>Eric Himes</u> | <u>Former employee of Lincoln General or Malbaugh</u> |
| 4.156 <u>Michael J. O'Connor</u> | <u>Former employee of Lincoln General or Malbaugh</u> |
| 4.157 <u>Michael McGovern</u> | <u>Former employee of Lincoln General or Malbaugh</u> |
| 4.158 <u>Timothy Kirk</u> | <u>Lincoln General Employee</u> |
| 4.159 <u>Albert Miller</u> | <u>Lincoln General Employee</u> |
| 4.160 <u>Vernice Statts</u> | <u>Defendant</u> |
| 4.161 <u>Jay McCormack</u> | <u>Defendant</u> |

|   |   |
|---|---|
| 4.162 Art Woolever | Woolever Bros. Employee |
| 4.163 Harold Sinclair | Woolever Bros. Employee |
| 4.164 Barry Brown | Woolever Bros. Employee |
| 4.165 Hazel Sinclair | Woolever Bros. Employee |
| 4.166 Gail | Northland Employee |
| 4.167 Jerry Parker | Northland Employee |
| 4.168 Craig Stone | Mette, Evast Woodsick |
| 4.169 Michael D. Pipa | Mette, Evast Woodsick |
| 4.170 Jason Wolfgan | Mette, Evast Woodsick |
| 4.171 Charles Miller | Clifford's counsel in underlying case |

4.172 Disclosed by Northland Insurance Company

In addition to the individuals identified by defendant Lincoln General Insurance Company, which are incorporated by reference, plaintiff Northland identifies the following additional individual who has knowledge concerning this dispute:

| Name | Title/Position |
|---|---|
| 4.173 Traci Slane | Northland Insurance Company |

4.200 Separately for each party, describe by <u>categories</u> the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages: *Nothing yet in this action.*

    4.201 Categories of documents disclosed by <u>Lincoln Insurance</u>:

        4.202 <u>Defendant Lincoln Insurance Company's documents are located at its principal place of business, McMeses Wallace and Norick or Mette, Evans and Woodside</u>

        4.203 _____

        4.204 _____

4.205 _____

4.251 Categories of documents disclosed by <u>Plaintiff Northland Insurance Company</u> :

4.252 <u>Defendant Northland Insurance Company's documents are located at its principal place of business, Klett Rooney Lieber and Schorling or at Schindel, Farman & Lipsius</u>

4.253 _____

4.254 _____

4.255 _____

4.300 <u>Additional Documents Disclosures</u>: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

4.301 Additional categories of documents ___*Plaintiff*___ will disclose:
(party)

4.302 *Underwriting and claim file*

4.303 <u>All documents relating to settlement and negotiation with Lincoln</u>

4.304 _____

4.351 Additional categories of documents <u>Defendant Lincoln</u> will disclose:
(party)

4.352 <u>Underwriting and claim file</u>

4.353 <u>All documents relating to settlement and negotiation with Northland</u>

4.354 _____

4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

4.401 plaintiff's calculation of damages:
*If case is not deemed to have been settled, Lincoln should pay Northland for the costs of settlement ($75,000) plus cost and expenses expended in defense of underlying actions ($65, 629.59), for a total of $140,629.59. If settled, no additional monies need be paid.*


4.402   defendant's calculation of offset:
Defendant Lincoln's damages are set forth in its complaint.

4.403   counter claimant/third party claimant's calculation of damages:

Bad faith, attorneys fees, punitive damage, interest

## 5.0   Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| Motion to Enforce Settlement | Plaintiff | March 15, 2002 |

## 6.0   Discovery

6.100   Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):

By defendant(s): *Defendants recently served interrogatories and demands for documents.*

6.200   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

*Depositions of JHM, Woolever, Statts, Northland and Lincoln.*

6.300   Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects,</u> indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

6.400   Identify any <u>subject area limitations on discovery</u> that one or more parties would

like imposed, at the first stage of or throughout the litigation:

6.500   For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later ... modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits   recommended by plaintiff(s) and by defendant(s)):

    6.501   depositions (excluding experts) to be taken by:

        plaintiff(s): <u>20</u>          defendant(s): <u>20</u>

    6.502   interrogatories to be served by:

        plaintiff(s): <u>40</u>          defendant(s): <u>40</u>

    6.503   document production requests to be served by:

        plaintiff(s): <u>40</u>          defendant(s): <u>40</u>

    6.504   requests for admission to be served by:

        plaintiff(s): <u>40</u>          defendant(s): <u>40</u>

6.600   All discovery commenced in time to be completed by: March 1, 2002 on settlement, June 1, 2002 on all other issues.

6.700   Reports from retained experts due:

    from plaintiff(s) by <u>July 1, 2002</u>
    from defendant(s) by <u>July 1, 2002</u>

6.800   Supplementations due <u>August 1, 2002</u>

## 7.0   Protective Order

    7.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order.

    7.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**8.0  Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Ms. Traci Slane
Name

Senior Claims Adjuster , Northland Insurance Company
Title

_____

St. Paul, Minn.
Address

(1-800 ) 328 - 5972   Daytime Telephone


Mr. Tim Kirk
Name

Lincoln General
Title

3350 Whiteford Road

York, PA 17402
Address

(717) 757-0000
( )___ - ___   Daytime Telephone

Ms. Lauree Bones
Name

Director of Safety & Human Resources Woolever Brothers
Title

_____

_____
Address

( )___ - ___   Daytime Telephone

**9.0   Scheduling**

9.1   This case may be appropriate for trial in approximately:

__ 240 Days from the filing of the action in this court

__ 365 Days from the filing of the action in this court

<u>485</u>  Days from the filing of the action in this court

9.2   Suggested Date for Trial:

<u>Sept. 2002</u>   (month/year)

9.3   Suggested Date for the final Pretrial Conference:

<u>Sept. 2002</u>   (month/year)

9.4   Final date for joining additional parties:

<u>Feb. 1, 2002</u>        Plaintiff(s)

<u>Feb 1, 2002</u>        Defendants(s)

9.5   Final date for amending pleadings:

<u>May 1, 2002</u>   Plaintiff(s)

<u>May 1, 2002</u>   Defendants(s)

9.6   All potentially dispositive motions should be filed by:

<u>July 17, 2002 (with brief)</u>

**10.0  Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

Early Resolution of Motion to Enforce Settlement would be very useful to early resolution of the case.

**11.0  Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party

Dated: 12/30/01        _____
                       Attorney for Plaintiff(s)

12/30/01

Dated: 12/03/01        _____
                       Attorneys for Defendant(s)
                       McNees Wallace & Nurick LLC
                       P.O. Box 1166
                       100 Pine Street
                       Harrisburg PA 17108-1166
                       (717) 237-5405

KRLSPHI:153879.1                    19