# ORIGINAL

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NORTHLAND INSURANCE COMPANY,  :

                   Plaintiff,  :

      v.  :          Index No. 01-CV-763

                                 **(Hon. Yvette Kane, USDJ)**

LINCOLN GENERAL INSURANCE COMPANY, :
J.H.M. ENTERPRISES, INC., VERNICE L.
STATTS, ROBERT E. KRAPF and UTE L. :
HETLAND CLARK, as Administrators of the
Estate of Karin Clifford and ROBERT E. KRAPF  :
and PATRICIA R. CLIFFORD, as Administrators
of the Estate of Robert R. Clifford, SHERRILL J.  :
MULLIGAN, DENIS A. MULLIGAN,

                Defendants.  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FILED**
HARRISBURG, PA

MAY 2 4 2002

MARY E. D'ANDREA, CLERK
Per _____
           Deputy Clerk

---

## STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF NORTHLAND INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT

---

KLETT ROONEY LIEBER & SCHORLING
Two Logan Square
18th And Arch Streets, 12th Floor
Philadelphia, PA 19103
(215) 567-7507

SCHINDEL, FARMAN & LIPSIUS LLP
225 West 34th Street
New York, New York 10122
(212) 563-1710

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      This declaratory judgment action arises from an accident which occurred on November 17, 1995 involving a truck-tractor and two passenger vehicles, one operated by Robert Clifford and the other operated by Sherill Mulligan.   See **Exhibit A** at ¶ 13  (Northland's Complaint) and **Exhibit B** at ¶ 13 (Lincoln's Answer with Cross-claims and Counterclaims).

2.      The truck-tractor was owned by Jay McCormick of J.H.M. Enterprises, Inc. ("J.H.M.").  See **Exhibit A** at ¶ 14, **Exhibit B** at Answer ¶ 14.

3.      Robert and Karin Clifford were killed in the accident and Sherrill Mulligan suffered personal injuries as the result of the accident.  See **Exhibit B** at Counterclaim ¶ 22 and 23.

4.      The Estates of Robert and Karin Clifford filed a suit against the driver of the Tractor, J.H.M. and Woolever Brothers Transportation Inc. ("Woolever") in the Court of Common Pleas of Schuylkill County bearing Docket Number S-650-1996 ("Clifford Action") and Sherrill Mulligan filed suit against the driver of the Tractor, J.H.M. and Woolever in the Court of Common Pleas of Schuylkill County bearing Docket Number S-1689-1997 ("Mulligan Action"). See **Exhibit B** at Counterclaim ¶ 25 and 26.

5.      It is alleged that Woolever leased the tractor.  See **Exhibit B** at Counterclaim ¶ 37.

6.      Lincoln General Insurance Company ("Lincoln General") issued a Primary Auto Package Insurance Policy to J.H.M. bearing policy number PAP 153770 for the policy period of April 18, 1995 to April 18, 1996. See **Exhibit B** at Counterclaim ¶ 7.

2

7.      One of the vehicles insured under the Lincoln General policy issued to J.H.M. is a 1979 Freightliner bearing serial number CA213HM160222, which is the tractor involved in the accident.  See **Exhibit B** at Counterclaim ¶ 8.

8.      Northland Insurance Company ("Northland") issued a Truckers Insurance Policy bearing policy number TF209197 for the policy period September 1, 1995 to September 1, 1996 to Woolever.  See **Exhibit B** at Counterclaim ¶ 28.

9.      Lincoln General defended the driver of the Tractor and J.H.M. in the Clifford and Mulligan Actions and Northland defended Woolever.  See **Exhibit B** at Counterclaim ¶ 27 and ¶ 30.

10.     Traci Slane was a Senior Claims Adjuster with Northland and responsible for handling the claims arising from the Accident.  See **Exhibit C**, transcript of Traci Slane's deposition at 5:11-18 and 10:6-11.

11.     When negotiations began to settle the underling actions Mike Pipa, defense counsel retained by Lincoln General to defend J.H.M., advised Ms. Slane that he would call Lincoln General and have the adjuster contact her directly and that she would have to deal directly with Lincoln General to discuss settlement of the claim.  See **Exhibit D**, transcript of Michael McGovern's deposition at  32:14-17 and Exhibit C, 25:23-26:1 and Exhibit C, 26:15-24.

12.     On May 5, 2000, Ms. Slane spoke to Michael McGovern at Lincoln General. During that conversation, Michael McGovern told Ms. Slane that Lincoln General would consider agreeing to settle the underlying cases and litigate a declaratory judgment action.  See **Exhibit C**, 26:15-27:21.

3

13.     From May 5, 2000 through April 2001 Ms. Slane and Mr. McGovern spoke on many occasions.  See Exhibit 2 to Michael McGovern's deposition transcript (**Exhibit D**) at  pp 17, 18, 19, 23, 24, 25, 29.

14.      In the summer of 2000 together Ms. Slane and Mr. McGovern settled both the Clifford and Mulligan actions on behalf of their respective employers.  See **Exhibit B** at Counterclaim ¶ 33; **Exhibit D**, 19:25-20:20

15.     Mr. McGovern, on behalf of Lincoln General, conveyed the Lincoln General offer to Ms. Slane.  See **Exhibit D**, 20:16-20).

16.     Those actions were settled by payment in the amount of $675,000 by Lincoln General and $675,000 by Northland.  See **Exhibit B** at Counterclaim ¶ 33.

17.     Mike Pipa, who advised Ms. Slane of Mr. McGovern's involvement, referred to Michael McGovern as an adjuster for Lincoln General.  See **Exhibit C**, 32: 9-10.

18.     Mr. McGovern acted as the claims adjustor for Lincoln General.  See **Exhibit D**, 82:3-6.

19.     Mr. McGovern is also an attorney.   See **Exhibit D**, 5:16-17.

20.     He, however, never advised Ms. Slane that he was an attorney, and in fact never communicated to Ms. Slane what his position was at Lincoln General.  See **Exhibit C**, 31:21-25.

21.     Mr. McGovern was never the attorney of record in this Declaratory Judgement Action,  nor in the Clifford or Mulligan actions.  See **Exhibit D**, 80:22-24, and 81:3-18.

22.     Mr. McGovern spoke to Ms. Slane as an employee or representative of Lincoln General, similar to her role as a claims supervisor.  See **Exhibit D**, 82:3-6.

4

23.     Throughout this period Ms. Slane never saw Mr. McGovern's signature, nor his title or position.  See **Exhibit C**, 32:4-6.

24.     Mr. McGovern testified that on February 15, 2001, he was directed by  Timothy Kirk, Vice President of claims of Lincoln General, to contact Northland and see if Northland was interested in executing mutual releases and ending this litigation without any payment by either party.  See **Exhibit D**, 25: 8-23.

25.     It appears that Mr. Kirk may contest that Mr. McGovern was so directed.

26.     On February 15, 2001, Mr. McGovern called Ms. Slane to determine if Northland was prepared to resolve the declaratory judgment action by wanting "to just call it quits". Mr. McGovern did not reach Ms. Slane on that date.  See **Exhibit D**, 26:4-9 and <u>Exhibit 1</u> to Exhibit D.

27.     On April 2, 2001, Mr. McGovern spoke to Ms. Slane and, according to his notes and recollection, it was agreed that Northland and Lincoln General would execute joint releases and discontinue this action.  See **Exhibit D**, 26:23-27:2.

28.     According to Ms. Slane's recollection and notes, on April 11, 2001 it was agreed that the declaratory judgment action would be discontinued and each insurer would close its file. See **Exhibit C**, 72:24-73:1 and <u>Exhibit 2</u> to Exhibit D.

29.     Mr. McGovern generally understood that as of April 11, 2001, the only thing left to do was to exchange written mutual releases and discontinue the instant action.  See **Exhibit D**, 64:20-23; 80:18-21.

30.     Mr. McGovern specifically stated as follows:

Q.     What did you expect to be contained in those documents?

5

A.      . . . I expected that it would be a mutual release, that everyone would
assume liability for their own legal fees, for their Court costs, et cetera, et
cetera.  They would waive all rights they had against the other party, and
that that would end the matter and they would file the appropriate
documents with the Court to discontinue the action.

Q.      So, mutual general releases with each side assuming its own costs
and expenses; is that correct?

A.      Generally, yes.

See **Exhibit D**, 83:5-19.

31.      Mr. McGovern voluntarily left Lincoln General in or about June, 2001.  See
Exhibit D, 28:13-25.

KLETT ROONEY LIEBER & SCHORLING
Attorneys for Northland Insurance Company

By _____
David Ira Rosenbaum (52859)
Klett Rooney Lieber & Schorling
Two Logan Square
18th And Arch Streets, 12th Floor
Philadelphia,  PA  19103
(215) 567-7507 (Office)

OF COUNSEL:

Ira S. Lipsius, Esquire
SCHINDEL, FARMAN & LIPSIUS LLP
225 West 34th Street
New York, New York 10122
(212) 563-1710

Attorneys for Plaintiff Northland
Insurance Company

Dated:   May 22, 2002

6

## <u>AFFIRMATION OF SERVICE</u>

STATE OF NEW YORK                          )
                                           ) ss.:
COUNTY OF NEW YORK                         )

      Lorienton N.A. Palmer, being duly admitted to practice in the courts of the state of New York, affirms:

      I am an associate of the firm of Schindel, Farman & Lipsius LLP, counsel for plaintiff Northland Insurance Company with offices at 225 West 34th Street, in the City of New York, County of New York, New York.

      On Thursday, May 23, 2002, I served the attached Affidavit In Support of Motion of Northland Insurance Company for Summary Judgment, Proposed Order and Statement of Undisputed Material Facts In Support of Plaintiff Northland Insurance Company's Motion for Summary Judgment on the firms:

      Jonathan H. Rudd, Esq.
      Attorney for Lincoln General
      100 Pine Street, P.O. Box 1166
      Harrisburg, PA 17108-11661

      Andrew R. Spiegel, Esq.
      Attorney for Woolever
      3901-A Main Street 2nd Floor
      Philadelphia, PA 19127

by personally delivering a true and accurate copy of the same to the custody and control of the Federal Express, in a post paid and sealed envelope addressed as above, to a representative of Federal Express at the office located at 34rd Street and Eight Avenue, within the Borough of Manhattan, New York, New York.

Dated: New York, New York
      May 23, 2002

                                  Lorienton N.A. Palmer