UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTHLAND INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>vs.<br><br>LINCOLN GENERAL INSURANCE COMPANY,<br><br>                Defendant. | Civil Action No.: 1:CV-01-0763<br><br>**(Hon. Yvette Kane, USDJ)** |

**BRIEF IN SUPPORT OF NORTHLAND INSURANCE COMPANY S MOTION TO AMEND THE AUGUST 26, 2003 DECISION AND ORDER OF THE COURT**

KLETT ROONEY LIEBER & SCHORLING  
Two Logan Square  
18th And Arch Streets, 12th Floor  
Philadelphia, PA   19103  
(215) 567-7507

SCHINDEL, FARMAN & LIPSIUS LLP  
225 West 34th Street  
New York, New York 10122  
(212) 563-1710

## A. PRELIMINARY STATEMENT

This matter arises out of a motor vehicle accident on November 17, 1995 involving a 1979 Freightliner Tractor (the "Tractor") and two private passenger automobiles. The Tractor was owned by J.H.M. Enterprises, Inc. ("J.H.M.") and insured by Lincoln General Insurance Company ("Lincoln General"). Northland Insurance Company ("Northland") insured Woolever Brothers Transportation, Inc. ("Woolever"). As a result of the accident, two lawsuits were brought against J.H.M, the driver and Woolever (the "Underlying Actions"). Lincoln General defended the driver of the Tractor (Vernice Statts) and J.H.M. in the Underlying Actions. Northland defended Woolever in the Underlying Actions. The Underlying Actions were settled in the summer of 2000. Remaining open, however, was the insurance coverage declaratory judgment action filed by Northland against Lincoln General in June of 2000.

The matter was tried before the Court from January 27 - 30, 2003 and a decision and order rendered on August 26, 2003. The sole issue before this Court in the instant motion is whether the Court's decision and order of August 26, 2003 should be amended to require Lincoln General to: (a) reimburse Northland for attorney fees expended by Northland to defend Woolever in the Underlying Actions, and: (b) pay interest, at the applicable rate, on the total amounts due to Northland.

## B. FACTS

This matter was tried before the Court from January 27-30, 2003 and a decision rendered on August 26, 2003. **[Exhibit A][1].** By decision and order dated August 26, 2003, this Court determined that "the Tractor was operating exclusively in JHM's business at the time of the

---

[1] The Exhibits referenced herein are annexed to the separate Affidavit of Ira. S. Lipsius submitted in support of the instant motion.

accident and that Lincoln General provides primary coverage and Northland provides excess coverage for the underlying claims (P. 9).

Furthermore, this Court found that Lincoln General and Northland each contributed $675,000 to the $1,350,000 settlement of the underlying claims. Additionally, Northland paid $65,629.59 for the defense of Woolever Brothers in the underlying actions and Lincoln General paid $91,511.35 for the defense of JHM, its owner Jay McCormick, and Statts . . . (p. 3).

In their pre-trial memoranda, at paragraph D, both Lincoln General and Northland listed their respective attorney fees as an element of damages. Additionally, at paragraph I of their respective pre-trial submissions, the parties stipulated to the amount of attorney fees. Lincoln General's submission provides: Lincoln General is willing to stipulate that Northland's attorney fees of $65,629.59 are reasonable and that this amount should be used in the calculation of damages to the extent Northland stipulates to Lincoln General's attorney fees expended in the underlying actions. Northland's submission provides: Northland will stipulate to Lincoln General's attorney fees of $91,511.35 in the underlying action as Lincoln General is willing to stipulate to Northland's attorney fees of $65,629.59. **[Exhibits B and C].**

C. <u>SUMMARY OF ARGUMENT</u>

This Court has determined that Lincoln General provides primary coverage while Northland provides excess converge for the underling claims. It is undisputed that the Tractor was a covered auto within the meaning of the Lincoln General policy. Additionally, it is conceded that Woolever is an insured under Lincoln General's policy. **[Exhibit D at ¶ 101]**. Accordingly, Woolever is entitled to a defense under Lincoln General's policy.

The claims against the Statts, JHM and Woolever, Lincoln General's insureds, fell within

3

the scope of coverage as defined by Lincoln General's policy. As primary insurer, Lincoln General had a duty to defend Woolever. Lincoln General failed and/or refused to provide a defense to Woolever. Northland, the excess insurer, provided a defense to Woolever and it is entitled to recover that expense, plus interest, from Lincoln General.

### D. LEGAL ARGUMENT

#### I. STANDARD FOR AMENDING JUDGMENT

The Federal Rules provide that a motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment. *See* Fed.R.Civ. P. 59.

As discussed below, Northland is entitled to an amendment of the Court's decision and order of August 26, 2003. The amended decision should require Lincoln General to: (a) reimburse Northland for attorney fees expended by Northland to defend Woolever in the Underlying Actions, and: (b) pay interest, at the applicable rate of 6%, on the total amounts due to Northland from November 2000 to the date of judgment.

#### II. NORTHLAND IS ENTITLED TO RECOVER FROM LINCOLN GENERAL THE COST OF DEFENDING WOOLEVER IN THE UNDERLYING ACTIONS

The damages sought in the Underlying Actions from Lincoln General's insureds, JHM, Statts and Woolever, were for bodily injury to plaintiffs's decedent caused by an accident, and resulted from ownership, maintenance, or use of the Tractor. Therefore, all of the claims against Lincoln General's insureds, JHM, Statts and Woolever, fell within the scope of coverage defined in Lincoln General's policy. Lincoln General, as the primary insurer had a duty to defend its

insureds.  *See, e.g., Diamond State Insurance Co. v. Ranger Insurance Co.*, 47 F. Supp.2d 579, 592-593 (E.D.P.A. 1999).

Lincoln General failed and/or refused to provide a defense to Woolever. Northland, the excess insurer, provided a defense to Woolever and it is entitled to recover from the primary insurer, Lincoln General, the costs of defending Woolever. *See Diamond State Insurance Co. v. Ranger Insurance Co.*, 47 F. Supp.2d 579, 592-593 (E.D.P.A. 1999). The Underlying Actions were settled and payments made in November 2000. **[Exhibit E, at ¶ 106, Exhibit D, at ¶ 97, Trial Exhibit D-106**]. Accordingly, in addition to the $75,000 stated in the Court's decision of August 26, 2003, Lincoln General should be directed to reimburse Northland the sum of $65,629.59 for the costs of defending Woolever in the Underlying Actions.

### III. NORTHLAND IS ENTITLED TO RECOVER INTEREST ON THE AMOUNTS DUE AND OWING FROM LINCOLN GENERAL

The parties have stipulated and the Court has determined that this matter is governed by Pennsylvania Law. Under Pennsylvania law, Northland is entitled to prejudgement interest at the annual rate of six percent (6%). *See*, 41 P.S. § 201, 202; *see also, Benefit Trust Life Insurance Co. v. Union National Bank of Pittsburgh,* 776 F.2d 1174, 1180 (3rd Cir. 1985); *McDermott v. Party City Corp.*, 11 F. Supp. 2d 612, 632 (E.D.P.A. 1998).[2]

The Court has also determined that Lincoln General is required to pay Northland the sum of $75,000, that sum being the difference between what [Lincoln General] has paid to date to settle the underlying claims ($750,000) and its policy limit of $750,000 **[Exhibit A at p. 10]**. As

---

[2] In its "Post Trial Proposed Findings of Fact and Conclusions of Law," at ¶ 162", Lincoln General concedes that the applicable rate of interest is 6%.

discussed above, Northland is also entitled to recover the $65,629.59 in attorney fees that it spent defend Woolever in the Underlying Actions. The two amounts total $140,629.59. The daily interest on $140,629.59 at the statutory interest rate of 6% is $23.12.

Accordingly, Lincoln General should be directed to reimburse Northland the principal sum of $140,629.59, plus prejudgement interest at the statutory interest rate of 6% on that amount from November 2000.

## CONCLUSION

For the foregoing reasons, Plaintiff Northland requests that the Court amend its August 26, 2003 decision and order to provide that, in addition to the $75,000 stated in that decision and order, Lincoln shall: (a) reimburse Northland for the $65,629.59 expended by Northland to defend Woolever in the Underlying Actions, and: (b) pay interest, at the applicable rate of 6%, on the total amount due to Northland ($140,629.59) from November 2000 to the date of judgment.

Dated: September 4, 2003
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　SCHINDEL, FARMAN & LIPSIUS LLP
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff Northland Insurance
　　　　　　　　　　　　　　　　　　　　Company


　　　　　　　　　　　　　　　　　　　　By:_____/s/_____
　　　　　　　　　　　　　　　　　　　　　　　Ira S. Lipsius (IL5704)
　　　　　　　　　　　　　　　　　　　　225 West 34th Street
　　　　　　　　　　　　　　　　　　　　New York, New York 10122
　　　　　　　　　　　　　　　　　　　　(212) 563-1710
　　　　　　　　　　　　　　　　　　　　File No. 2015.67

David Ira Rosenbaum
KLETT, ROONEY, LIEBER & SCHORLING
Two Logan Square, 12th Floor
Philadelphia, PA 19103-2756
(215) 567-7505
Attorneys for Plaintiff Northland Insurance Co.

TO: Jonathan H. Rudd, Esq.
Attorney for Lincoln General
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-11661
(717) 237-5405