UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORTHLAND INSURANCE COMPANY | : | FILED ELECTRONICALLY |
|     Plaintiff | : | |
| | : | |
| v. | : | No. 1:01-CV-763 |
| | : | |
| LINCOLN GENERAL INSURANCE COMPANY, J.H.M. ENTERPRISES, INC., and VERNICE L. STATTS, | : | |
|     Defendants | : | |
| | : | |
| LINCOLN GENERAL INSURANCE COMPANY, | : | |
|     Third Party Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| WOOLEVER BROTHERS TRANSPORTATION INC. | : | |
|     Third Party Defendant | : | (JUDGE KANE) |

**DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S OBJECTION
TO PLAINTIFF NORTHLAND INSURANCE COMPANY'S BILL OF COSTS**

AND NOW COMES, Defendant Lincoln General Insurance Company ("Lincoln General") and objects to Plaintiff Northland Insurance Company's ("Northland") Bill of Costs filed on September 25, 2003.

A.  Fees of the Clerk - $150.00

Lincoln General has no objection to this requested cost.

B.   <u>Fees for service of summons and subpoena - $351.00</u>

   Lincoln General has no objection to this requested cost.

C.   <u>Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case - $3,934.20</u>

   Lincoln General objects to the portion of these costs which are not authorized by Local Rule 54.4(3), which allows the reporter's charge for the original deposition and/or a copy, but also provides that: "{a]dditional copies are not taxable." Northland failed to attach the court reporter's invoice to its Bill of Costs, and instead, simply stated the amount it paid the court reporter.  Northland obtained additional copies of the transcripts in the form of Minu-Scripts, and obtained electronic versions of the transcripts.  These latter costs are not taxable. Northland has not provided a detailed break down of the court reporter's charges, which makes it impossible for Lincoln General to determine the amount of the court reporter's charges which are taxable.  Northland should be required to provide a better breakdown of the court reporter's charges so that the Clerk can properly tax costs pursuant to Local Rule 54.4(3).

D.   <u>Fees and disbursements for printing - $612.50</u>

   Lincoln General objects to these costs as not being authorized by Local Rule 54.4.  Northland is seeking $433.35 for the costs of producing documents during discovery, and $179.15 for "Posters blown-up, enlarged and mounted on foam board."

   The copying costs for the documents produced during discovery are not recoverable under Local Rule 54.4(5). Documents produced during discovery would fall within the

2

category of routine case papers, and are not taxable in accordance with the direct statement in Local Rule 54.4(5) that: "The cost of reproducing copies of motions, pleadings, notices and other routine case papers is not taxable."  The costs sought by Northland do not fall within the taxable category of exhibits attached to a document required to be filed and served.

Northland also seeks costs for Posters blown-up.  These costs are not recoverable in accordance with Local Rule 54.4(6) since Northland did not seek an Order of Court.  Local Rule 54.4(6) provides that:  "Enlargements greater than 8" by 10" are not taxable except by order of the court."  The Poster blow-ups for which Northland seeks costs were larger than 8" by 10", and Northland did not obtain a Court Order approving these additional costs.

E.   Fees for witnesses - $6,975.19

Lincoln General objects to Northland's requests costs for witness fees to the extent they are not allowed by Local Rule 54.4(4).  Specifically, Lincoln General objects to Northland's request for airfare, hotel expenses, meal expenses, and attendance fees for its own witness who testified on its own behalf in order to support Northland's motion for summary judgment.  Lincoln General does not object to the attendance fees for Parker and Crescelius, who testified at trial and were deposed on the substantive issues involved at trial.  These attendance fees amount to $280.

Northland seeks witness fees for three witnesses, two of whom testified at deposition and trial (Parker and Crescelius).

3

These witnesses allegedly came to Pennsylvania from Minnesota. Local Rule 54.4(4) provides that: "Mileage fees for travel outside the district shall not exceed 100 miles each way without prior court approval."

Northland is seeking costs for witness travel between Minnesota and Pennsylvania, which exceeds 100 miles in each direction. Northland did not receive prior court approval for mileage fees between Minnesota and Pennsylvania. Pursuant to Local Rule 54.4(4), the maximum mileage fees Northland may seek per witness is 200 miles. The current reimbursement rate for travel by witnesses is $.36 per mile. Northland may seek $72.00 per witness in travel fees for each trip ($.36 x 200). Accordingly, Northland is entitled to $288 in mileage for the total of four trips made by Parker and Crescelius for their deposition and trial attendance.

Lincoln General objects to the attendance and mileage fees for Slane. Slane is the Northland representative responsible for the handling of this case. Slane traveled from Minnesota to Pennsylvania to give a deposition in support of Northland's motion for summary judgment. Even if the Clerk was inclined to tax costs for Slane's travel, it should limit such costs to $72 in mileage fees, and $40 for one day attendance. However, Lincoln General submits that Northland should not be awarded any costs for Slane. Northland filed a motion for summary judgment on the basis that Northland and Lincoln General had allegedly settled this case. Slane testified in support of Northland's position since she is the individual who allegedly settled the

case on behalf of Northland.  Ultimately, the Court denied Northland's motion and held that the case had not been settled.  For purposes of assessment of costs, Northland should not be awarded costs for the attendance of its own witness at a deposition intended to support Northland's motion for summary judgment.  Local Rule 54.4(4) provides that:  "No party shall receive witness fees for testifying in his or her own behalf but this shall not apply where a party is subpoenaed to attend court by the opposing party."  Slane was not subpoenaed to attend Court or a deposition.  Rather, she voluntarily appeared in Pennsylvania in order to give testimony to support Northland's motion for summary judgment.  Accordingly, Northland should be awarded no costs for Slane's attendance and mileage.

WHEREFORE, Lincoln General Insurance Company requests that the Clerk reject those portions of Northland Insurance Company's Bill of Costs which are not authorized by Local Rule 54.4.

>Respectfully submitted,
>
>McNEES WALLACE & NURICK LLC
>
>By /s/ Jonathan H. Rudd
>   Jonathan H. Rudd
>   PA. ID. No. 56880
>   100 Pine Street
>   P.O. Box 1166
>   Harrisburg, PA 17108-1166
>   (717) 237-5405
>
>Attorneys for Lincoln General Insurance Company

Dated:  October 7, 2003

**CERTIFICATE OF SERVICE**

I, Jonathan H. Rudd, Esquire, hereby certify that on this 7th day of October, 2003, a true and correct copy of the foregoing document was served via the Electronic Filing System upon the following:

**Ira S. Lipsius, Esquire**
**Schindel, Farman & Lipsius LLP**
**225 West 34th Street**
**New York, NY 10122**

/s/ Jonathan H. Rudd
Jonathan H. Rudd
PA. ID. No. 56880
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 237-5405