UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTHLAND INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>LINCOLN GENERAL INSURANCE COMPANY,<br><br>Defendant. | FILED ELECTRONICALLY<br><br>Civil Action No.: 1:CV-01-0763<br><br>**(Hon. Yvette Kane, USDJ)** |

**RESPONSE TO LINCOLN GENERAL'S OBJECTIONS TO NORTHLAND INSURANCE COMPANY'S BILL OF COSTS**

KLETT ROONEY LIEBER & SCHORLING
Two Logan Square
18th And Arch Streets, 12th Floor
Philadelphia, PA  19103
(215) 567-7507

SCHINDEL, FARMAN & LIPSIUS LLP
225 West 34th Street
New York, New York 10122
(212) 563-1710

Plaintiff Northland Insurance Company ("Northland") submits this response to Lincoln General Insurance Company's October 7, 2003 Objections to Northland's Bill of Costs.

No response is required to subparts A, and B of Lincoln General's objections.

C. Court Reporter Fees

Defendant Lincoln General Insurance Company ("Lincoln General") objected to the request for court reporter fees claiming that "Northland obtained additional copies of the transcripts in the form of Minu-Scripts, and obtained electronic versions of he transcripts" that are not taxable. (Objections ¶ C at p.2). This is incorrect. Attached as **Exhibit A**, are copies of the invoices that were submitted by the several court reporting services.

Contrary to Lincoln General's assertions, Northland received and paid for the "reduced format" transcript of witness Michael McGovern and for the "Min-U-Scrip only" transcript of witness Traci Slane. Northland chose to get the transcripts in the above formats to reduce the costs. Moreover, the applicable rule provides: "The reporter's charge for the original deposition *and/or a copy* is taxable whether or not the same is actually received into evidence, and whether or not it is taken solely for discovery, regardless of which party took the deposition.… ." Local Rule 54.4(3) (emphasis added). As such, the **$605.50** remitted by to Filius & McLucas Reporting Service for court reporting service and transcripts of depositions of Michael McGovern and Traci Slane taken in this case on January 9, 2002 are properly taxable.

Even if a charge for a minu-script or an electronic version of a deposition were objectionable, the invoices do not contain any such charges. As such, the payment to Geiger & Loria Reporting Service in the amount of **$333.45**; the payment to Paul E. Troutman in the amount of **$143.40**; the payment to Varallo, Inc. (three invoices total **$2004.65)**; and the payment to

2

Sargent's Court Reporting in the amount of **$847.20** are properly taxable.

D. Fees and Disbursements for Printing

Second, Lincoln General also objects to Northland's request for $612.50 for printing documents requested by Lincoln General and for exhibits used at trial. Lincoln General claims that these documents were "routine case papers" and therefore not taxable. (Objections ¶ D, p.2). This is incorrect. The applicable statute, 28 U.S.C. 1920(4) provides allows for "[f]ees and disbursements for printing and witnesses." The local rule cited by Lincoln General provided that the "costs of reproducing copies of motions, pleadings, notices and other routine case paperers is not taxable." Local Rule 54.4(5). However, as is apparent from the examples listed in the rule, the "other routine case papers" would be things like discovery demands and interrogatories. This does not include the actual documents produced to Lincoln General at Lincoln General's request or exhibits used at trial.

E. Witness Fees

Third, Lincoln General also objects to Northland's request for witness fees on the basis that the request "for airfare, hotel expenses, meal expenses" are not taxable. Again, this in incorrect. The applicable statute, 28 U.S.C.§ 1821, provides:

> (b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.
> (c)(1) *A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a*

> *common carrier at the most economical rate reasonably available.*
> ...
> (d)(1) A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day.

*See*, 28 U.S.C. § 1821(b)-(d)(1) (emphasis added); *see also Greene v. Fraternal Order of Police*, 183 F.R.D. 445, 449-50 (E.D.P.A. 1998); *DePasquale v. IBM*, 40 Fed. R. Serv.3d 425, 1988 WL 195662 (E.D.P.A. 1998). Under the applicable rules, Northland is entitled to recover the for "airfare, hotel expenses, meal expenses" expended for witnesses in this matter.

Separately, Lincoln General also argues that Northland should recover no travel costs or expenses for Traci Slane. In support of this claim, Lincoln General cites Local Rule 54.4(4) which states that "[n]o party shall receive witness fees... ." Lincoln General argues, further, that Ms. Slane "voluntarily appeared in Pennsylvania in order to give testimony to support Northland's motion for summary judgment. Accordingly, Northland should be awarded no costs for Slane's attendance and mileage." (Objections ¶ E at p.5).

This objection is also without foundation. The part of the rule quoted by Lincoln General applies to **a party** to the action. Traci Slane is not a party to the action and no claim was asserted against her individually. Moreover, Local Rule 54.4(3) specifically provides: "Fees for the witness at the taking of a deposition are taxable at the same rate as for attendance at trial." It further provides that "[t]he reporter's charge for the original deposition and/or a copy is taxable whether or not the same is actually received into evidence, and whether or not it is taken solely for discovery, regardless of which party took the deposition... ." Local Rule 54.4(3). The next section of the rule provides that "witness fees are taxable even though the witnesses attends voluntarily upon request and is not under subpoena..... Witness fees for officers of a corporation are taxable if the officers are

not defendants and recovery is not sought against the officers individually... ." Local Rule 54.4(4). Traci Slane is an employee of Northland Insurance Company. She is not party to this action and no claim was made against her individually. Accordingly, the costs and expenses for her attendance at the deposition are properly taxable. *See e.g., Greene v. Fraternal Order of Police*, 183 F.R.D. at 450 ("While witnesses may have been associated with the defendant, it is not proper to term these individuals 'parties,' and their costs are appropriately taxed").

Finally, Lincoln General's argument that Ms. Slane ""voluntarily appeared in Pennsylvania" misses the point. As stated above, " witness fees are taxable even though the witnesses attends voluntarily upon request and is not under subpoena... ." (Rule 54.4(4). In fact, as Lincoln General concedes in its objections, Ms. Slane's deposition was necessary for the issues in this case and was used in a motion for summary judgment in this case. [*See* Court docket # 25]

WHEREFORE, Northland Insurance Company requests that Lincoln General's objections be overruled.

Dated: October 15, 2003
      New York, New York

                              SCHINDEL, FARMAN & LIPSIUS LLP
                              Attorneys for Plaintiff Northland Insurance Company

                              By:_____
                                 Ira S. Lipsius (IL5704)
                              225 West 34th Street
                              New York, New York 10122
                              (212) 563-1710
                              File No. 2015.67

        David Ira Rosenbaum
        KLETT, ROONEY, LIEBER & SCHORLING
        Two Logan Square, 12th Floor
        Philadelphia, PA 19103-2756
        (215) 567-7505
        Attorneys for Plaintiff Northland Insurance Co.

TO:    Jonathan H. Rudd, Esq.
        Attorney for Lincoln General
        100 Pine Street
        P.O. Box 1166
        Harrisburg, PA 17108-11661
        (717) 237-5405