UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

NORTHLAND INSURANCE COMPANY      :    FILED ELECTRONICALLY
       Plaintiff                  :
                                      :
                                      :
       v.                         :    No. 1:01-CV-763
                                      :
LINCOLN GENERAL INSURANCE COMPANY, :
       Defendant                  :    (JUDGE KANE)

**DEFENDANT LINCOLN GENERAL INSURANCE COMPANY'S BRIEF IN SUPPORT OF ITS MOTION FOR REINSTATEMENT OF THE AMENDED JUDGMENT ENTERED ON AUGUST 3, 2004 AND VACATION OF THE ORDER AND JUDGMENT ENTERED ON AUGUST 6, 2004**

I.    <u>PROCEDURAL AND FACTUAL BACKGROUND</u>

By Memorandum and Decision entered on August 26, 2003, this Court found in favor of Northland and determined that Lincoln General's policy was primary. Consequently, this Court ordered Lincoln General to pay Northland $75,000. Judgment was entered on August 26, 2003, in favor of Northland and against Lincoln General for $75,000.

On September 5, 2003, Northland filed a motion requesting the Court to amend the Judgment to require Lincoln General to pay Northland the attorneys' fees it incurred in defending Woolever in the underlying actions (referred to herein as simply "attorneys' fees"), together with pre-judgment interest on the principal amount of $140,629.59. Northland argued that it had requested in its proposed findings of fact and conclusions of law that it be awarded its attorneys' fees and pre-judgment interest, and that consistent with the Court's decision that Lincoln General's policy was primary, Northland should have been awarded these additional amounts.

By Memorandum and Order dated July 30, 2004, and entered on August 3, 2004, the Court agreed with Northland and awarded it the requested attorneys' fees and prejudgment interest up to August 26, 2003, the date of the original Judgment.  An Amended Judgment was entered consistent with the Court's Order.  Three days later the Court issued an Order amending its earlier Order of July 30, 2004, and the Judgment of August 3, 2004, to provide that prejudgment interest at the rate of 6% would run to the date of the Court's Order of August 6, 2004.

Lincoln General submits that the Court's Memorandum and Order of July 30, 2004, and Amended Judgment of August 3, 2004, correctly held that pre-judgment interest would run only to the date of the original Judgment of August 26, 2003.  Northland would then be entitled to post-judgment interest from August 26, 2003, until payment of the Judgment, in accordance with the provisions of 28 U.S.C. §1961.  Lincoln General is requesting that the Court vacate its Order and Judgment of August 6, 2004, and reinstate the Amended Judgment of August 3, 2004.  Although Lincoln General believes it is clear as a matter of law that Northland is entitled to post-judgment interest from the date of the original Judgment of August 26, 2003, to the extent Northland believes the Amended Judgment of August 3, 2004 is unclear, Lincoln General has no objection to the Court modifying the August 3, 2004 Amended Judgment to make clear that post-judgment interest will run on the entire amount of the Amended Judgment from August 26, 2003 until the date the Judgment is paid.

II.  <u>STATEMENT OF QUESTION PRESENTED</u>

WHETHER PREJUDGMENT INTEREST RUNS TO THE DATE OF THE ORIGINAL
JUDGMENT OF AUGUST 26, 2003, AND POST-JUDGMENT INTEREST RUNS
THEREAFTER, WHERE THE BASIS FOR NORTHLAND'S ENTITLEMENT TO
PREJUDGMENT INTEREST WAS ESTABLISHED AT THE TIME OF TRIAL AND IN
THE COURT'S MEMORANDUM AND DECISION OF AUGUST 26, 2003?

Suggested Answer to the Above:  Yes.


III.  <u>ARGUMENT</u>

     Lincoln General has not found a case from this Circuit where
the Court dealt with the issue as to when pre-judgment interest
stops and post-judgment interest starts where the Court amends
the original Judgment to add additional amounts.  However, in an
analogous situation, the Third Circuit has held that post-
judgment interest runs from the date of the original judgment if
liability and damages were ascertained or established in the
first judgment.  In <u>Loughman v. Consol-Pennsylvania Coal Company</u>,
6 F.3d 88 (3rd Cir. 1993), the Court stated:

> While we have found no case involving exactly the same
> factual and procedural circumstances of the present case, we
> believe that when the inquiry is distilled to its essence—
> the extent to which liability and damages, as finally
> determined, are ascertained or established in the first
> judgment—it becomes clear that the plaintiffs are entitled
> to post-judgment interest accruing from the date of the
> original judgment.  It is undisputed that everything to
> which the plaintiffs are entitled was supported by the
> evidence in the first trial and was ascertained from the
> jury's verdict in that trial.

<u>Id.</u> at 98.

     Applying the Court's analysis in <u>Loughman</u> to the present
case leads to the conclusion that Northland is entitled to post-
judgment interest from the date of the August 26, 2003 Judgment,

and pre-judgment interest up to August 26, 2003.  Northland's
entitlement to attorneys' fees and pre-judgment interest was
"supported by the evidence at the …. trial" of this matter.  <u>Id.</u>
At the trial, Northland presented evidence that Lincoln General's
policy was primary and Lincoln General should be required to pay
Northland $75,000, together with its attorneys' fees and pre-
judgment interest.  Although the Court did not immediately award
Northland its attorneys' fees and pre-judgment interest, this
Court's subsequent decision was based on the record established
at the trial of this matter.  Accordingly, it is clear that
Northland's entitlement to its attorneys' fees and pre-judgment
interest was established as a result of the trial in this matter
and this Court's conclusion that Lincoln General's policy was
primary.

This Court's Amended Judgment of August 3, 2004, awarding
pre-judgment interest only up to the date of the original
Judgment, makes logical sense.  According to Northland, this
Court's original Judgment of August 26, 2003 should have been for
$140,629.59, together with pre-judgment interest up to the date
of the Judgment.  This Court's Amended Judgment of August 3,
2004, simply gave Northland what it would have received had
Judgment originally been entered as requested by Northland.
There is no logical reason to give Northland more pre-judgment
interest, and less post-judgment interest, simply because all of
the damages were not awarded at the same time.

IV.     <u>CONCLUSION</u>

For all the foregoing reasons, Lincoln General respectfully requests that the Court reinstate the Amended Judgment of August 3, 2004, and vacate this Court's Order and Judgment of August 6, 2004.

Respectfully submitted,

McNEES WALLACE & NURICK LLC

By <u>/s/ Jonathan H. Rudd</u>
   Jonathan H. Rudd
   PA. ID. No. 56880
   100 Pine Street
   P.O. Box 1166
   Harrisburg, PA 17108-1166
   (717) 237-5405

Attorneys for Lincoln General
Insurance Company

Dated:  August 18, 2004

## CERTIFICATE OF SERVICE

I, Jonathan H. Rudd, Esquire, hereby certify that on this 18th day of August, 2004, a true and correct copy of the foregoing document was served via the Electronic Filing System upon the following:

**Ira S. Lipsius, Esquire**
**Schindel, Farman & Lipsius LLP**
**225 West 34th Street**
**New York, NY 10122**

/s/ Jonathan H. Rudd
Jonathan H. Rudd
PA. ID. No. 56880
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
(717) 237-5405