IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NORTHLAND INSURANCE CO.** | : | |
| | : | |
| **Plaintiff** | : | CIVIL ACTION 1: 01-CV-763 |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| **LINCOLN GENERAL INSURANCE** | : | |
| **CO., ET AL** | : | |
| | : | |
| **Defendants** | : | |

## CLERK'S TAXATION OF COSTS
January 18, 2007

Pending for taxation is the plaintiff's verified bill of costs in the amount of $12,022.89. For the following reasons, costs will be taxed against the defendant Lincoln General Insurance Company in the amount of $5,945.20.

Six, narrow categories of taxable costs are detailed in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Fees and disbursements for witnesses taxed under § 1920(e) are controlled by 28 U.S.C. § 1821.

It is the prevailing party's duty to establish "that the particular costs for which reimbursement is claimed are authorized by statute." <u>Green Construction Co. v. Kansas Power & Light Co.</u>, 153 F.R.D. 670, 675 (D.Kan. 1994).  The plaintiff has carried its burden in this case as follows:

- Fees of the Clerk ($150.00) are approved.

- Fees for service of summons and subpoena ($351.00), as they appear to have been incurred employing private process servers, are denied   The defendant's failure to object notwithstanding, private subpoena service is not taxable under §1920, either as a fee of the marshal or as a witness fee.  See <u>Crawford Fitting Company v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 445 (1987); <u>United States v. Merritt Meridian Construction Co.</u>, 95 F.3d 153, 172 (2d Cir. 1996); <u>In re Philadelphia Mortgage Trust v. Touche Ross & Co.</u>, 930 F.2d 306, 307 (3d Cir. 1991).

- Fees of the court reporter ($3,934.20) are approved over defendant's objections.

! Fees and disbursements for printing ($612.50) are denied. None of these charges are described in sufficient detail to determine whether they may be taxed under the Local Rules. Zapata Gulf Marine v. Puerto Rico Maritime Shipping Authority, 133 F.R.D. 481, 484 (E.D.La. 1990) (costs for photocopies disallowed where there was "no information about what was copied or how the copy was used"). Local Rule 54.4(5) permits taxation of copying costs for exhibits attached to documents which are required to be filed and served, but expenses related to reproducing motions and other routine case papers are not taxable. Id. Enlargements used as trial exhibits may be taxed under certain conditions only. See LR 54.4(6). By not describing the nature of the subject charges with any particularity, the plaintiff has forfeited its right to reimbursement. See Northbrook Excess & Surplus v. Proctor & Gamble, 924 F.2d 633, 643 (7th Cir. 1991).

! Witness fees and subsistence expenses (claimed in the amount of $6,975.19) will be approved according to the statutory standards outlined in 28 U.S.C. § 1821, which generally permit $40.00 per day in fees for each day of attendance at deposition or trial and for necessary travel days, and a subsistence allowance for lodging and meals at the applicable government per diem rate when an overnight stay is required.[1] Reimbursable mileage expenses for witnesses are

---

[1] In 2002, Harrisburg per diem is $121.00; mileage rate is .365. In 2003, Harrisburg per diem is $125.00; mileage rate is .360. For both 2002 and 2003, meals and incidental expenses (M&IE) for

limited by Local Rule 54.4(4) to a total of 200 miles without prior court approval. No court approval for the air travel claimed in the bill of costs is indicated on the record.[2]  Taxable costs are itemized accordiingly:

>**Slane deposition, 1/9/02** – witness fee, 1 day ($40.00); mileage ($73.00); per diem ($121.00) and M&IE ($38.00) = **$272.00**.

>**Crescelius deposition, 12/2/02** – witness fee, 1 day ($40.00); mileage ($73.00); per diem ($121.00) and M&IE ($38.00) = **$272.00**.

>**Parker deposition, 12/10/02** – witness fee, 1 day ($40.00); mileage ($73.00); per diem ($121.00) and M&IE ($38.00) = **$272.00**.

>**Crescelius trial, 1/27/03** – witness fee, 2 days ($80.00); mileage ($72.00), per diem ($250.00) and M&IE ($38.00) = **$440.00**.

>**Parker trial, 1/27/03** – witness fee, 3 days ($120.00); mileage ($72.00), per diem ($375.00) and M&IE ($38.00) = **$605.00**.

>**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** costs be taxed in favor of the plaintiff Northland Insurance Company and against defendant Lincoln General Insurance Company in the amount of $5,945.20.

---

last day of travel or when no lodging is incurred are reimbursed at $38.00.

[2] To be sure, Local Rule 54.4(4) does not address airfare specifically.  Nonetheless, it seems illogical that the court would require approval for straight mileage expenses incurred outside its borders, but permit carte blanche use of air travel.

Any party may appeal this decision to the court within five days of taxation. Written specifications of the items objected to and the grounds of objections must be filed and served within five days.  LR 54.3.

                                            **s/ Mary E. D'Andrea**
                                            MARY E. D'ANDREA, Clerk